IDA K. HELWIG, RESPONDENT, *v.* THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, APPELLANT.

*Insurance — statement, in the application for a life policy, of the name of the last physician attending the applicant — when a party making use of an affidavit is not estopped to deny its truthfulness.*

In an action brought to enforce payment of a life insurance policy, it appeared upon the trial that the application for the insurance contained a statement by the deceased that the last physician by whom he was attended was Dr. Langeman, whereas, in fact, Dr. Fahs had attended him at a later date.

The court, on that ground, was asked to direct a verdict in favor of the defendant. This it declined to do, but instructed the jury that, if the attendance of Dr. Fahs was for a real or supposed disease, the verdict should be for the defendant.

*Held,* that the request was properly denied; that the limitation was a correct one, as the purpose of the question put to the applicant was to ascertain the name, not of the last physician who attended him, but of the last one who attended him for a disease.

While, ordinarily, a party who makes use of an affidavit thereby represents it to be truthful, yet the verified statement of the attending physician accompanying the proofs of death under a policy of insurance, as it is required as a condition of the policy, cannot be regarded as legal evidence in favor of either party to an action upon the policy.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 9th day of April, 1890, in favor of the plaintiff, after a trial before the court and a jury at the Kings County Circuit, at which a verdict was rendered in favor of the plaintiff for the sum of $5,675, and also from an order denying defendant's motion to set

aside the verdict and for a new trial, which was entered in said clerk's office on the 4th day of April, 1890.

The action was commenced to recover the sum of $5,000 under a policy of life insurance issued by the defendant on the life of Richard W. Helwig.

*Robert Sewell*, for the appellant.

*A. Simis, Jr.*, for the respondent.

PRATT, J.:

We do not perceive any principle upon which the statement of the attending physician, accompanying the proofs of death, can be regarded as legal evidence in favor of either party to the action. Ordinarily, it may be said that a party who makes use of an affidavit thereby holds it forth as truthful, but we think the present case is an exception to the general rule, for it was a condition of the policy that the proofs of loss should be accompanied by the statement of the physician who attended the deceased in the last illness. The questions were upon a printed blank furnished by the company. It is not to be supposed that the claimant could control the responses or was in any degree responsible for their correctness. Had the forwarding of the physician's affidavit been a matter of choice with the claimant, it might well be argued that the statement was put forward as truthful and was evidence against the party using it. But as the claimant had no option and was compelled by the contract to forward the statement, it cannot be used as evidence against her.

The application contained a statement by the deceased that the last physician by whom he was attended was Doctor Langeman. Evidence was given to the effect that Doctor Fahs attended him at a later date, and the court on that ground was asked to direct a verdict for defendant. That request was refused, but the jury was instructed that if the attendance was for a real or supposed disease, the verdict should be for defendant.

We think the limitation was a proper one. The subject brought to the attention of the applicant by the question was as to the physician last attending him for a disease. If a physician attended on the applicant to urge him to accept a nomination for an office, while within the literal terms of the question, it would not be within its real scope.

The evidence gave some ground to suppose that, at the instance of a third party, a physician called upon the deceased, who declined to take his medicines and care. We think the circuit judge correctly held that was not such an attendance as to violate the warranty.

The judgment must be affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment and order denying new trial affirmed, with costs.