PATRICK REDMOND, Respondent, *v.* INDUSTRIAL BENEFIT ASSO-
CIATION, Appellant.

1. LIFE INSURANCE — REPRESENTATIONS AS TO PHYSICAL CONDITION OF
INSURED — PROOFS OF DEATH — STATEMENT OF ATTENDING PHYSICIAN.
A sworn statement of the attending physician, included in the proofs of
death required as a condition precedent to a recovery upon a policy of
life insurance, that at a date about nine months preceding the application
for insurance and issuance of the policy, and about fifteen months before
the death, he had treated the insured for "renal calculi," although it is
evidence upon the subject, is not conclusive evidence, in an action upon the
policy, that a representation in the application, to the effect that for five
years prior thereto the applicant had no disease of the urinary organs,
was false, where the statement of the physician also declares, in answer
to a question asking him to state the disease of which the insured died,
that it was "disease of the lungs, of liver, of kidneys, or nephritis, and
enlargement of liver; also had pneumonia."

2. CO-OPERATIVE LIFE INSURANCE — BY-LAWS OF ASSOCIATION —
AMOUNT OF RECOVERY ON CONTESTED CLAIM.    Where the method of
payment by the insured in a co-operative life insurance association,
incorporated under chapter 175, Laws of 1883, is not by assessment, but
by regular bi-monthly premiums, each two months' aggregate constituting
a "pool," and the by-laws provide that "all claims shall be paid with
the pool of the months in which the proof of death maturing the same is
approved by the association; in case the payment of any claim is con-
tested by the association and a judgment is rendered in favor of the claim-
ant, said claim shall be placed in and paid *pro rata* with the claims of the
pool then forming" — a beneficiary, on succeeding in an action upon a

contested claim, is entitled to a money judgment for the sum he would have realized had his claim been approved and paid out of the proper pool raised for that purpose.

3. Action on Contested Claim — Evidence as to Amount of Recovery. In an action upon a contested policy against a co-operative premium life insurance association whose by-laws contain the provision above quoted, evidence, by the production of the defendant's official statutory reports, of the amount collected for the pool raised to pay the death loss in question and others, the portion thereof applicable under the by-laws to the payment of death claims and the *pro rata* amount of the plaintiff's shares therein, is sufficient to sustain a verdict for the amount of the plaintiff's shares in the pool, as so shown, with interest thereon from the commencement of the action.

*Redmond* v. *Industrial B. Assn.*, 78 Hun, 104, affirmed.

(Argued June 1, 1896; decided October 6, 1896.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 8, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover from a mutual or co-operative insurance company, incorporated under chapter 175, Laws of 1883, the amount claimed to be due upon a certificate of membership and life insurance issued by the defendant.

The facts, so far as material, are stated in the opinion.

*William F. Beutler* for appellant. The answers which the insured made in her application to the questions therein put to her, relating to her physical condition, and the specific diseases therein enumerated, must be held to be warranties as to their truth, and if she made any false or untrue statements or answers the contract of insurance will be void. (*Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341; *Clemans* v. *Supreme Assembly R. S. G. F.*, 131 N. Y. 485; *Boland* v. *I. B. Assn.*, 74 Hun, 385.) The certificate of Dr. Boyd and all the statements therein made by him must be held to be competent evidence against the plaintiff, and such statements must be treated in the nature of admissions made by the plaintiff, which, if unexplained or unimpeached, are conclusive against him. (*B. L., T. & S.*

*D. Co.* v. *K. T. & M. M. A. Assn.*, 126 N. Y. 450; *Spencer* v.
*C. M. L. Ins. Assn.*, 142 N. Y. 505; *Schmitt* v. *N. L. Assn.*,
84 Hun, 128; *Lund* v. *M. L. Assn.*, 81 Hun, 287; *Nat. L.
Assn.* v. *Sturtevant,* 78 Hun, 572.)   The trial court erred in
refusing to permit Dr. Boyd to testify as to his treatment of
Mrs. Redmond in January, 1891, and likewise in excluding
his testimony upon the matters which are embraced in the
offer which defendant's counsel made on the trial. (*B. L.,
T. & S. D. Co.* v. *K. T. & M. M. A. Assn.*, 126 N. Y. 450;
74 Hun, 385.)   The trial court should have directed a verdict
in favor of the defendant upon the ground that the plaintiff
was not entitled to a money judgment against the defendant,
and its refusal was error. (*Eggleston* v. *C. M. L. Assn.*, 18
Fed. Rep. 14; *Sullivan* v. *I. B. Assn.*, 73 Hun, 319; 19
Fed. Rep. 201.)

*Franklin M. Danaher* for respondent.   The defendant
company is estopped from claiming a breach of warranty or
fraudulent representations as to the health of the deceased at
the time she signed the application. (Cooke on Life Ins.
38, § 21; *O'Brien* v. *H. B. Socy.*, 117 N. Y. 318; *Higgins*
v. *P. M. L. Ins. Co.*, 74 N. Y. 610; *Miller* v. *P. M. L. Ins.
Co.*, 107 N. Y. 292; *Alger* v. *M. L. Ins. Co.*, 84 Hun, 271;
*Miller* v. *U. C. L. Ins. Co.*, 86 Hun, 6; *Van Schoick* v. *N. F.
Ins. Co.*, 68 N. Y. 434; *Forward* v. *C. Ins. Co.*, 142 N. Y.
387; *Globe Reserve* v. *Duffy,* 76 Md. 293; *Grattan* v. *M. L.
Ins. Co.*, 80 N. Y. 293; *Taylor* v. *M. B. L. Ins. Co.*, 10 Hun,
52.)   The court did not err in refusing to allow Dr. James P.
Boyd, the attending physician of the deceased, to disclose
information which he acquired while attending the insured in
a professional capacity ten months before she signed the appli-
cation for the insurance in question and which was necessary
to enable him to act in that capacity. (Code Civ. Proc. § 834;
*Westover* v. *A. L. Ins. Co.*, 99 N. Y. 56; *Edington* v. *M. L.
Ins. Co.*, 67 N. Y. 185; *Grattan* v. *M. L. Ins. Co.*, 80 N. Y.
281; 92 N. Y. 274; *Ferguson* v. *M. M. L. Ins. Co.*, 32 Hun,
315; *Renihan* v. *Dennin,* 103 N. Y. 573; *Conn. Mut. L. Ins.*

22

*Co.* v. *Union Trust Co.*, 112 U. S. 250 ; *McCormick* v. *U. L. & A. Ins. Assn.*, 79 Hun, 341 ; *Boland* v. *I. B. Assn.*, 74 Hun, 385 ; *Tucker* v. *U. L. & A. Ins. Assn.*, 133 N. Y. 548.) The statement of the attending physician contained in the proofs of death, that he prescribed for the insured for *renal calculi* in January, 1891, is in violation of his professional duty to his patient, and did not constitute a waiver of the privilege of the deceased under section 834 of the Code. ( *Westover* v. *A. L. Ins. Co.*, 99 N. Y. 56 ; *Loder* v. *Whelpley*, 111 N. Y. 239 ; *Helwig* v. *M. L. Ins. Co.*, 132 N. Y. 331 ; *Drier* v. *C. L. Ins. Co.*, 24 Fed. Rep. 670 ; Laws of 1893, chap. 295.) The death certificate filed by Dr. Boyd, the attending physician, in which he stated that he had prescribed for the deceased in January, 1891, for *renal calculi*, was not competent evidence of the fact nor was his statement proper or competent as against the beneficiary as an admission of that fact, especially where there is no claim of an estoppel. ( *M. L. Ins. Co.* v. *Higginbotham*, 95 U. S. 380 ; *B. L., T. & S. D. Co.* v. *K. T. & M. M. A. Assn.*, 126 N. Y. 455 ; *Goldschmidt* v. *M. L. Ins. Co.*, 102 N. Y. 486 ; *Grattan* v. *M. L. Ins. Co.*, 80 N. Y. 289 ; *Spencer* v. *C. L. M. Ins. Assn.*, 142 N. Y. 509 ; *U. S. L. Ins. Co.* v. *Kielgart*, 26 Ill. App. 573.) The trial court did not err in refusing to grant a nonsuit ; it referred the question of the health of the deceased at the time she signed the application and Dr. Boyd's death certificate to the jury, and it having found for the plaintiff on conflicting evidence, predicated on Dr. Babcock's health certificate, its finding will not be disturbed. (Cooke on Life Ins. 219 ; *Cushman* v. *U. S. L. Ins. Co.*, 70 N. Y. 79 ; *Spencer* v. *C. L. M. Ins. Assn.*, 142 N. Y. 505 ; *Tucker* v. *U. L. & A. Ins. Assn.*, 133 N.Y. 548.) The same doctrine holds good as to the question of the age of the deceased ; it was submitted to the jury on conflicting evidence, and its finding that there was no misrepresentation as to age will not be disturbed. ( *B. L., T. & S. D. Co.* v. *K. T. & M. M. A. Assn.*, 126 N. Y. 458 ; *Hogan* v. *M. A. & A. Assn.*, 75 Hun, 271 ; *Comm.* v. *O'Brien*, 134 Mass. 198.) The court did not err in refusing to direct a verdict in favor of the defendant

upon the ground that the plaintiff was not entitled to any money judgment against the defendant, but should have brought an action in equity to compel it to make an assessment or to insert his claim in a pool for its payment. (*Merriman* v. *K. M. B. Assn.*, 138 N. Y. 116; *Smith* v. *Brown*, 27 N. Y. Supp. 11 ; May on Ins., § 504a; *O'Brien* v. *H. B. Socy.*, 117 N. Y. 318; *Grattan* v. *M. L. Ins. Co.*, 80 N. Y. 289 ; *Darrow* v. *Family Fund Socy.*, 116 N. Y. 537; *In re E. R. F. L. Assn.*, 131 N. Y. 372, 373; *Freeman* v. *Nat. Ben. Society*, 42 Hun, 253; *Peck* v. *E. A. Assn.*, 52 Hun, 255 ; *Cumming* v. *Mayor*, 11 Paige, 596; *Fulmer* v. *M. U. Ins. Co.*, 12 N. Y. S. R. 349 ; *Fitzgerald* v. *E. R. Ins. Co.*, 24 N. Y. S. R. 493.) Nothing in the by-laws of defendant requires a beneficiary to sue in equity to have his claim inserted in a pool before he can be paid. (*Seitzinger* v. *N. E. Ins. Co.*, 111 Penn. St. 557; *P. M. B. Soc.* v. *Werner*, 34 N. E. Rep. 105; *McKnight* v. *M. L. Ins. Co.*, 15 Week. Notes Cases, 400 ; *Lauder* v. *H. L. Ins. Co.*, 12 Fed. Rep. 472; *Darrow* v. *F. F. Society*, 116 N. Y. 540; *U. S. M. A. Ins. Co.* v. *Barry*, 131 U. S. 101; 1 Freeman on Judgm. [4th ed.] § 217; *Carr* v. *Rischer*, 119 N. Y. 117; *Taylor* v. *Root*, 4 Keyes, 335 ; Code Civ. Proc. § 1240; *O'Brien* v. *H. B. Society*, 117 N. Y. 318; *Ben. Assn.* v. *Sears*, 114 Ill. 108.) The official records of the state insurance department and the calculations made thereon by an expert insurance accountant were competent evidence of the value of the policy. (*O'Brien* v. *H. B. Society*, 117 N. Y. 318; *Freeman* v. *Nat. B. Socy.*, 42 Hun, 255 ; Cook on Life Ins. 238–240.)

BARTLETT, J.   The plaintiff is the beneficiary under a policy of insurance issued by the defendant on the life of his mother, Catherine Redmond. The defendant seeks to avoid liability on the ground that the deceased made false representations in the application for insurance as to her age and physical condition.

It appears that just prior to making her application for this policy Mrs. Redmond had been insured in the Flour City

Life Association and had lost her insurance by the failure of that corporation.

The plaintiff was solicited by the agent of the defendant to have his mother's insurance transferred to the defendant; plaintiff said it was immaterial whether a new policy was taken or not, and that he desired the defendant's physician to make an examination of his mother, as he " wished everything straight."

The agent filled out the application in presence of plaintiff, writing the answers to the various questions in the absence of Mrs. Redmond; the plaintiff, in reply to a question, stated to the agent that his mother had no disease he knew of except rheumatism; plaintiff took the application, obtained his mother's signature and returned it to defendant. Dr. Bab-.cock, the defendant's physician, subsequently furnished a certificate to the effect that he had known Mrs. Redmond for three years, and recommended her as a first-class risk. The by-laws of the defendant require, upon the decease of a member, that the proofs of death shall contain, among other things, a statement under oath of the attending physician made upon a blank furnished by the company.

The application and policy were dated October, 1891, and Mrs. Redmond died in April, 1892. Proofs of death were duly furnished, and among them was the sworn statement of Dr. Boyd, the attending physician of Mrs. Redmond, wherein he stated that in January, 1891, he treated her for renal calculi.

The defendant contends that this is a binding admission on the part of the plaintiff that the insured was suffering from a disease of the urinary organs in January, 1891, and is conclusive proof as to the falsity of the representation contained in the application for insurance made the following October to the effect that for five years prior thereto Mrs. Redmond had no disease of the urinary organs. The defendant offered to prove the same fact at the trial by Dr. Boyd, but the evidence was properly excluded as incompetent under section 834 of the Code.

The manner in which the learned trial judge submitted this case to the jury renders it unnecessary to consider many of the points discussed on the argument. The defendant's counsel has little reason to complain of the charge to the jury, as in most respects it is very favorable to the defendant. The trial judge refused to charge, on plaintiff's request, that defendant was estopped by the certificate of its own doctor made at the time of the application; he also refused to charge without qualification that the proof of renal calculi, in January, 1891, was not proof of disease of the urinary organs in October, 1891, but stated it was proof upon the subject, but not conclusive.

This was proper in view of Dr. Boyd's answer, in his sworn statement, to the question asking him to state the disease of which the insured died, that it was " disease of the lungs, of liver, of kidneys, or nephritis, and enlargement of liver; also had pneumonia." It was fairly submitted to the jury whether in view of all the evidence, including Dr. Babcock's certificate, there was a false representation as to the physical condition of the insured.

It is unnecessary to decide whether Dr. Boyd's sworn statement in the proofs of death was binding as an admission of the plaintiff. It would seem that the attending physician of the insured did not represent the plaintiff, and the furnishing of his sworn statement was in no sense the voluntary act or admission of the plaintiff, but was made a condition precedent to his recovery on the policy by the contract of insurance.

The defendant, however, was given the full benefit of the sworn statement of Dr. Boyd, subject to the qualification that it was not conclusive evidence. There was no error in this ruling of which the defendant can legally complain.

The other question of fact litigated before the jury was whether the insured made false representation as to her age in the application upon which the policy was issued. On this point there was a sharp conflict of evidence, which was properly submitted to the jury.

The judge charged substantially that all of the answers of

the insured contained in her application were warranties, and if any of them was false plaintiff could not recover.

We are of opinion that the two defenses interposed by the defendant were fairly submitted to the jury and the verdict is conclusive.

The remaining questions in the case are whether the plaintiff was entitled to a money judgment, and whether the evidence to sustain the amount of the verdict was competent and sufficient?

The defendant is not an assessment company, but the insured pay a regular bi-monthly premium.

The aggregate of these premiums paid in each two months constitute what is termed a pool, there being six pools formed in each year.

Catherine Redmond was constituted a member of class "B" of the defendant, and her death occurring within the first year, entitled her beneficiary to eight shares in the pool out of which the policy was payable, the maximum value of the shares being two thousand dollars.

The by-laws provide as follows: "All claims shall be paid with the pool of the months in which the proof of death maturing the same is approved by the association. In case the payment of any claim is contested by the association and a judgment is rendered in favor of the claimant, said claim shall be placed in and paid *pro rata* with the claims of the pool then forming."

The contention on behalf of the defendant is that the by-laws contemplate that only approved claims shall go into a pool, and that when a claim is rejected, the courts appealed to and a judgment rendered, the judgment must direct the claim to be placed in and paid *pro rata* with the claims of the pool then forming, in pursuance of the by-law just quoted.

We are unable to assent to this construction of the by-laws.

In the case at bar, had the defendant duly approved the plaintiff's claim, it would have been paid out of the March and April, 1892, bi-monthly pool created by the April premium No. 5, which was collected to pay the losses of these two

months. The plaintiff having been compelled to resort to the courts, is, in the event he succeeds, entitled to a money judgment for the sum that he would have realized had his claim been approved and paid out of the proper pool raised for that purpose.

The provision of the by-law, that a judgment in favor of a claimant shall be placed in and paid *pro rata* with the claims of the pool then forming, is merely a mode of raising the money when a final judgment is rendered against the defendant. The rights of a successful plaintiff are not affected by this provision, as the amount of his final recovery was determined by the premiums and liabilities of the pool out of which his claim became payable as fixed by the death of the insured.

The other question is whether the plaintiff sustained the burden of proof under which he rested and gave evidence sufficient to support the verdict of the jury.

This court held, in the case of *O' Brien* v. *Home Benefit Society* (117 N. Y. 319), that where an assessment had not been made, and it was impossible for the plaintiff to show precisely what amount would have been produced, he was bound to give such evidence as the nature of the case permitted bearing upon the question of damages and legitimately tending to prove their amount.

In the case at bar the plaintiff produced the defendant's official statutory reports, on file in the office of the superintendent of insurance, and proved that the amount collected for the pool raised to pay the death losses of Catherine Redmond and others was $16,047.75 ; that only eighty per cent. of this, or $12,838.20, could be used under the by-laws to pay death claims, and that plaintiff's eight shares coming in, and sharing *pro rata* with the other claims, amounted to $777.68.

The court charged the jury that, if they found for the plaintiff, he was entitled to recover $777.68 and interest from the commencement of the action. The evidence is amply sufficient to sustain the verdict.

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.