AUGUSTA H. HANNA, Appellant, *v.* THE CONNECTICUT MUTUAL
LIFE INSURANCE COMPANY, Respondent. ·

1. LIFE INSURANCE — EVIDENCE — ADMISSIONS AGAINST INTEREST, IN
PROOFS OF DEATH.   Representations as to the cause of the death of the
insured, contained in proofs of death furnished by the beneficiary of a life
insurance policy to the company, operate as admissions of a material fact
against interest, and, while not conclusive, are competent *prima facie*
evidence against the beneficiary upon an issue as to the cause of death
raised in an action upon the policy.

2. PROOFS OF DEATH — ADMISSIONS AS TO CAUSE OF DEATH.   When
the complaint in an action upon a life insurance policy alleges a cause of
death within the policy, and the defense is interposed that an express
condition of the policy, excepting death from a certain cause, had been
violated and that the death resulted from such excepted cause, and the
plaintiff, on cross-examination, identifies, and admits delivering to the
company, proofs of death stating that the death resulted from the excepted
cause, the complaint is properly dismissed if the plaintiff fails to give any
evidence showing that the allegation in the complaint as to the cause of
death was true and, as a consequence, that the cause of death was, or
could have been, other than as stated in the proofs of death.

*Hanna* v. *Conn. Mut. L. Ins. Co.*, 8 Misc. Rep. 431, affirmed.

(Argued October 16, 1896; decided October 27, 1896.)

APPEAL from judgment of the General Term of the
Superior Court of the city of New York, entered November
22, 1894, which denied plaintiff's motion for a new trial on
exceptions ordered to be heard in the first instance at General
Term and directed judgment for defendant, dismissing the
complaint.

The action was to recover upon a policy of insurance, issued
by the defendant upon the life of the plaintiff's husband.
The complaint alleged the death of the insured from con-
sumption of the bowels; that due proof of his death had
been made to the defendant and a demand made for payment
of the insurance moneys.   The defense interposed was that
an express condition of the policy of insurance had been vio-
lated, which excepted death as a consequence of intemper-
ance; and it was alleged that the death of the insured was

" caused by alcoholism and extreme prostration, superinduced by excessive and intemperate use of alcoholic and spirituous liquors and beverages." Upon the trial, the plaintiff, being sworn as a witness, testified to the fact of her husband's death. Being then cross-examined, she was shown papers and testified to having delivered them to the agent of the defendant, for the purpose of proving the death of the insured. The papers, to which her answer had reference, included certain certificates made by her, by an attending physician and by a friend, and which were, severally, sworn to. In the plaintiff's certificate, among other facts stated, were these : that the " remote cause of death was alcoholism ;" that the " immediate cause of death " was " alcoholism and extreme prostration ;" that the " duration of the last illness " was " two weeks." It was also stated by her therein that the deceased was " found at Earl's hotel, New York, suffering from diarrhœa and brought to the hospital where he died." She then gave the names of three physicians, who had attended the deceased during the last year prior to his death. In the annexed certificate of the attending physician were answers by him, to the effect that the deceased had died in the Long Island hospital ; that he had known him during his stay in the hospital and had attended him seven days ; that the duration of his last illness was two weeks ; that the remote cause of death was alcoholism ; that the immediate cause of death was alcoholism and extreme prostration ; that the deceased had no other disease, injury or infirmity ; that dissipation had predisposed the deceased to disease and that the use of spirituous liquors had the effect of causing death. The annexed " friend's certificate " stated the cause of death of the deceased to have been alcoholism and extreme prostration. The plaintiff, being recalled as a witness in her own behalf, testified that at the time of her husband's death she was at Scarborough-on-the-Hudson ; that during the month she had been there she had not seen her husband and that she did not know, of her own knowledge, the cause of his death, but had obtained the information, contained in her sworn certificate

from the friend, whose certificate was annexed to her own. She also testified that her husband had been troubled for years with diarrhœa and that among the physicians who had attended him was a Dr. Moore, who had died, and that, by his advice, her husband had used brandy to relieve his sufferings. Keesler, the friend whose certificate had been annexed, was also examined in plaintiff's behalf and testified to having been personally acquainted with the deceased in his lifetime; that he had obtained the information as to the cause of his death from the certificate of the doctor at the hospital and that he did not know what disease the deceased had been suffering from for a number of years prior to his death. A physician, named O'Connell, was then examined as a witness in behalf of the plaintiff and testified to having known the deceased in his lifetime; to having treated him for diarrhœa and to having advised the use of whiskey in conjunction with other remedies. His attendance upon the deceased, he said, covered a period of two or three weeks in the spring of 1886; which was over four years prior to the death of the insured. Other evidence was also given by the plaintiff, through a medical expert, who did not know the insured, that in certain cases of diarrhœa brandy and whiskey are often recommended as stimulants.

The plaintiff having rested her case, the defendant's counsel moved for a direction of a verdict in its favor. The trial judge dismissed the complaint and denied the request of the plaintiff to go to the jury on the facts of the case. To both of his rulings the plaintiff excepted. The plaintiff's exceptions were heard in the first instance at the General Term; where they were overruled and a judgment ordered dismissing the complaint. The plaintiff has further appealed to this court and contends that the burden was upon the defendant to show that there had been a violation of the provisions of the insurance policy, which was not met in the case, and that upon the case as made by her there was a question for the jury, as to whether the deceased had violated the conditions of the policy in respect to the use of spirituous liquors.

*Alex Thain* for appellant.  The burden was upon the defendant to show by a preponderance of evidence that the insured had "become so far intemperate as to impair his health or induce delirium tremens."  And if it had been shown that the cause of death was the excessive use of alcoholic stimulants, that they had not been taken in good faith for medical purposes or under medical advice.  (*Van Valkenburgh* v. *A. P. L. Ins. Co.*, 70 N. Y. 605 ; *Murray* v. *N. Y. L. Ins. Co.*, 85 N. Y. 236; *Jones* v. *B. L. Ins. Co.*, 61 N. Y. 80 ; *Germain* v. *B. L. Ins. Co.*, 30 Hun, 536; *Fitch* v. *A. P. L. Ins. Co.*, 59 N. Y. 557; *Slocovich* v. *O. M. Ins. Co.*, 108 N. Y. 56.)  If intemperance was but one of the causes, and not the sole and paramount cause of death, the defense would not avail to avoid the policy.  (May on Insurance [ed. 1892], 613, § 301 ; *Miller* v. *M. Ins. Co.*, 31 Iowa, 216.)  The proof of death was received in evidence only for what it was worth.  It was worthless as evidence as against the plaintiff or in favor of the defendant.  (*Goldschmidt* v. *M. L. Ins. Co.*, 102 N. Y. 486 ; *Spencer* v. *C. M. L. Ins. Assn.*, 142 N. Y. 505; *B. L., T. & S. D. Co.* v. *K. T. & M. M. A. Assn.*, 126 N. Y. 450 ; *Rentz* v. *Ins. Co.*, 40 Minn. 202.)  Plaintiff should have been allowed to go to the jury on all the facts.  (*Cummins* v. *A. Ins. Co.*, 67 N. Y. 260; *McMaster* v. *Ins. Co., of N. A.*, 55 N. Y. 222; *Whitlatch* v. *F. & C. Co.*, 149 N. Y. 45; *Meacham* v. *N. Y. S. M. B. Assn.*, 120 N. Y. 237.)

*John M. Bowers* for respondent.  The insured became so far intemperate as to impair his health and induce delirium tremens.  The policy is, therefore, void and plaintiff cannot recover.  (Greenl. on Ev. § 671 ; *Ins. Co.* v. *Newton*, 22 Wall. 32 ; *Schmitt* v. *N. L. Assn.*, 84 Hun, 128 ; *Proppe* v. *M. L. Ins. Co.*, 34 N. Y. Supp. 172 ; *N. L. Assn.* v. *Sturtevant*, 78 Hun, 572 ; Alexander on Life Ins. 45 ; *B. L., T. & S. D. Co.* v. *K. T. & M. M. A. Assn.*, 126 N. Y. 450.)  The complaint was properly dismissed.  (*Wilds* v. *H. R. R. R. Co.*, 24 N. Y. 430 ; *Deyo* v. *N. Y. C. R. R. Co.*, 34 N. Y. 9 ; *Appleby* v. *A. F. Ins. Co.*, 54 N. Y. 253.)

Gray, J.   It is undoubtedly the general and well-settled rule, in such cases, that the defendant is bound to establish, to the satisfaction of the jury, the defense that the policy has been avoided by some violation on the part of the insured of its conditions, and if the evidence, which went to make up the plaintiff's case upon the trial, warranted any other inference as to the cause of death, than that stated in the certificate, it was error to dismiss the complaint.   Even if it was inferable from the evidence that, although death may have been caused by the use of spirituous liquors, nevertheless, that such use had been under the advice and direction of a physician, the jury should have been permitted to pass upon the question. But the difficulty with the plaintiff's case is that there was no evidence with respect to the cause of the death of the insured, other than that it was the result of intemperance.   That evidence was furnished through the plaintiff to the defendant in the certificates, which she delivered to the defendant's agent when making her demand of payment of the policy.   Upon those proofs as so furnished the insurance company had the right to rely as her representations, unless and until explained. They operated as admissions by her of a material fact and were competent evidence against her, under the rule, as to admissions against interest.   In *Spencer* v. *C. M. L. Insurance Assn.* (142 N. Y. at p. 509), Chief Judge Andrews, in speaking of the burden resting upon the defendant to meet the affirmative issue interposed by it, said :  " The only proof upon which the defendant relied was the admission in the original proofs of loss that the illness of the deceased commenced February 6th, 1890.   This was competent evidence in support of the issue, because it was an admission by a party to the record against her interest.   *  *  *   The burden of proof was not changed by the admission.   Unexplained it would have been conclusive, and the defense would have been made out."   This plaintiff was not concluded by the proofs of death which she had presented.   *Prima facie*, they were true statements ; but it was open to her to give evidence changing, or correcting, the facts therein appearing to have been stated by,

or for, her. In fact, they called upon her to show that her allegation in the complaint as to the death being caused by consumption of the bowels was true. Had that been done, and had it thereby appeared by some evidence that the cause of death was, or could have been, other than as stated in the certificates, and an inference permitted that the statements in the proofs as to the cause of death were incorrect, a question would have been presented for the jury to determine. But the case, when the plaintiff rested, was destitute of any evidence which even tended to show that the representations and statements made and furnished by the plaintiff to the defendant were not true. The plaintiff had not seen her husband for a month prior to his death and, therefore, was unable to say that he had not died from the cause stated in the certificate of the physician, which she presented to the company and upon which she based her own certificate. It is true that she testified to the fact that, in the past, her husband had suffered from diarrhœa and had used spirituous liquors by the advice of a physician and to relieve his sufferings; but that was not at all incompatible with the fact that his death eventually was caused by intemperance. The testimony of the physician, who was examined as a witness in her behalf, was valueless to contradict the certificate; because his attendance upon the deceased had only been for a short period, and that more than four years before the death. It is a singular, and a very pregnant, fact that the plaintiff did not attempt to explain away the damaging effect of her admissions in the certificate by some evidence, either of some other physician who had known the deceased, or of some personal acquaintance. It is also singular that the friend, whose certificate as to the cause of death the plaintiff had furnished to the defendant and who was also examined upon the trial, was not asked to testify as to the temperate or intemperate habits of the deceased. The result was that, when the plaintiff rested her case, but one inference was permissible and that was that the facts, which the plaintiff had represented to the defendant in the certificate accompany-

ing her demand for payment, were true and incapable of being contradicted. It is true that, in her own certificate, she had answered the question as to the particulars relative to the last illness, that the deceased was " found at Earl's hotel suffering from diarrhœa and brought to the hospital where he died; " but as, at that time, she was absent and had been so for two previous weeks, it only amounted to the statement of a fact not inconsistent with death from the intemperate use of spirituous liquors. To have submitted the case to the jury would have been without justification in the law and a verdict rendered for the plaintiff could not have stood the test of an application to set it aside, as being without evidence to support it.

The judgment should be affirmed, with costs.

ANDREWS, Ch. J., O'BRIEN and HAIGHT, JJ., concur; BARTLETT, MARTIN and VANN, JJ., dissent.

Judgment affirmed.