> [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1359–1361; Dec. Dig. § 550.*]

Appeal from Municipal Court, Borough of Bronx, Second District.

Action by Irene Leonard against the John Hancock Mutual Life Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Frederick C. Tanner, of New York City, for appellant.
Leo R. Lawlor, of New York City, for respondent.

LEHMAN, J. The plaintiff is the beneficiary of a life insurance policy upon the life of one Bridget Bray. The application for insurance contained a representation that the deceased had consulted no physician or had any ailment within five years of the date of the application, except that she had consulted a physician for grippe three years before. After the death of the insured, the beneficiary filed as proof of death a certificate from the attending physician stating that the immediate cause of the death of the insured was chronic nephritis and chronic hepatitis. After this certificate was filed, the defendant sent the beneficiary a blank certificate, also entitled, "Proof of Death," with the request that she have it executed by a certain Dr. Chapman, who, it appears, had previously attended the insured. The bene-

ficiary requested Dr. Chapman to execute this certificate and Dr. Chapman thereafter filled in the blanks, verified the certificate, and returned it to the beneficiary, who filed it with the defendant. This certificate contains the statement that the affiant had on two occasions treated the insured for nephritis within two years of the signing of the application. At the trial the defendant introduced in evidence this certificate over the plaintiff's objection. The plaintiff introduced no evidence to explain the statement by Dr. Chapman, and objected to any testimony by him in regard to treatment of the deceased. The trial justice then rendered judgment against the defendant.

If the statement in the certificate of Dr. Chapman is true, then the defendant has established its defense of breach of warranty. It has been repeatedly held that the statements contained in proofs of death are admissions made by the beneficiary, which, unless explained or contradicted, are binding on the beneficiary. Hanna v. Connecticut Mutual Life Ins. Co., 150 N. Y. 526, 44 N. E. 1099. The beneficiary, however, claims that this certificate cannot be considered an admission binding upon her because she had not constituted the physician her agent to make these admissions. In my opinion she not only made the physician her agent, but she ratified his authority by filing the certificate. There could be no possible object in filing the certificate unless she intended the defendant to act upon its statements. The beneficiary, however, relies upon the case of Aldridge v. Ætna Life Insurance Co., 204 N. Y. 83, 97 N. E. 399, where the insurance company requested the beneficiary to obtain from a physician certain information and the beneficiary sent the letter to the physician, who answered it direct to the company, and a closely divided court held that the statements contained in the physician's letter were not binding upon the beneficiary. The grounds of that decision are that the physician in making the admissions was acting at the request of the company, and was therefore not the agent of the plaintiff, and that the beneficiary did not see the letter or know its contents until produced in court. In this case, however, the physician made out the certificate at the request of the beneficiary, and returned the certificate to her; and the beneficiary then filed the certificate herself as part of her proofs. She is therefore bound by the statements both because they were originally made by her authorized agent, and because, by filing them, she made them her own admissions.

Judgment should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.