MARY RUDOLPH, Respondent, *v.* THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.

(Argued April 18, 1929; decided June 11, 1929.)

*William O. Gennert* and *Frederick C. Tanner* for appellant. The physician's certificate having been filed with defendant by plaintiff, the beneficiary, as part of her proofs of claim under the policy, it became through such filing admissible in evidence as an admission against plaintiff's interest; the objections of hearsay and privilege did not apply and were improperly sustained, and the exclusion of this evidence duly excepted to was substantial and reversible legal error. (*Buffalo Loan, Trust & S. D.*

*Co.* v. *Knights Templar, etc.,* 126 N. Y. 450; *Spencer* v. *Citizens M. I. Co.,* 142 N. Y. 505; *Vechio* v. *Met. Life Ins. Co.,* 224 App. Div. 301; *Cirrincioni* v. *Met. Life Ins. Co.,* 223 App. Div. 461; *Hanna* v. *Conn. Mut. Life Ins. Co.,* 150 N. Y. 526; *Barnett* v. *Prudential Ins. Co.,* 91 App. Div. 435; *Kipp* v. *Met. Life Ins. Co.,* 41 App. Div. 298; *Trudden* v. *Met. Life Ins. Co.,* 50 App. Div. 473; *Leonard* v. *John Hancock M. L. Ins. Co.,* 76 Misc. Rep. 529; *Fay* v. *Met. Life Ins. Co.,* 119 Misc. Rep. 715; *Carmichael* v. *John Hancock M. L. Ins. Co.,* 45 Misc. Rep. 597; *Hoffman* v. *Met. Life Ins. Co.,* 135 App. Div. 739; *Ins. Co.* v. *Newton,* 22 Wall. 32.) Plaintiff failed to prove performance of the contract as to filing proofs of claim and defendant's motion to dismiss for this reason should have been granted. (*Hoffman* v. *Met. Life Ins. Co.,* 135 App. Div. 739.)

*John J. Finn* for respondent. The plaintiff made out a full and complete *prima facie* case. (*Glaser* v. *Home Ins. Co.,* 190 N. Y. 10; *Bushaw* v. *Ins. Co.,* 55 Hun, 607; *Groghan* v. *Ins. Co.,* 90 Hun, 521; *Titus* v. *Ins. Co.,* 81 N. Y. 410; *Jones* v. *Ins. Co.,* 117 N. Y. 103; *De Van* v. *Ins. Co.,* 92 Hun, 256; *Miglier* v. *Ins. Co.,* 102 Misc. Rep. 461; *Martin* v. *Ins. Co.,* 151 N. Y. 92; *Keeney Case,* 71 N. Y. 396; *Paltrovitch* v. *Ins. Co.,* 143 N. Y. 73.) The certificate of Dr. Furedi was pure hearsay. (*Kaufman* v. *Metropolitan L. Ins. Co.,* 200 N. Y. Supp. 559; *Maher* v. *Empire Life Ins. Co.,* 110 App. Div. 723; *Klein* v. *Prudential Ins. Co.,* 221 N. Y. 454.) The involuntary act of the plaintiff, in supplying to the insurer the certificate of Dr. Furedi, did not constitute an admission by her of the truth of the facts stated in such certificate. (*Acee* v. *Met. Life Ins. Co.,* 219 App. Div. 246; *Helwig* v. *Met. Life Ins. Co.,* 58 Hun, 366; *Redmond* v. *Industrial Benefit Society,* 78 Hun, 104; 150 N. Y. 172; *Holden* v. *Met. Life Ins. Co.,* 165 N. Y. 13; *Archer* v. *Equitable, etc., Society,* 218 N. Y. 18.) The certificate of Dr. Furedi was privileged under

sections 350–354 of the Civil Practice Act. (*Klein* v. *Prudential Ins. Co.*, 221 N. Y. 454; *Davis* v. *Supreme Lodge*, 165 N. Y. 163; *Westover* v. *Ætna Ins. Co.*, 99 N. Y. 57.)

O'BRIEN, J. March 3, 1926, plaintiff caused the life of her son, aged fifteen years, to be insured by defendant. The application is not made part of the policy nor was any medical examination had. The policy, by its terms, is not to take effect unless, at the time of its issue, the insured is in sound health, and it is declared to be void, if, within two years prior to its date, he has been attended by a physicain for any serious disease, complaint or operation, or if, before such date, he has had any disease of the heart. It also provides: " *Proof of claim.* In case of death of the insured, proofs of claim shall be made on blanks to be provided by the Company and shall contain full answers of the claimant, physician and other persons to all the questions asked therein and shall conform to all the requirements thereof." On June 3, 1926, exactly three months after the date of the policy, the insured died, and plaintiff filed with defendant proofs of death prepared on forms provided by defendant. These documents in part consist of an undertaker's certificate and the claimant's certificate in which she states that the insured first complained of illness four weeks before his death, that such illness consisted of swelling of the feet, that the cause of death was hydrops and that the duration was only four weeks. She delivered another document to defendant as part of the proofs of claim. It is the attending physician's certificate prepared upon defendant's form. She introduced in evidence the undertaker's certificate and her own, but she marked only for identification that of the attending physician. Upon her objection the court refused to admit it. The error assigned in this judgment is the rejection of this document. If competent evidence, it would raise the most

serious issues of fact whether, at the time of the writing of the policy, the insured was in sound health, whether, within two years prior to its date, he had been attended by a physician for a serious disease and whether, before such date, he had any disease of the heart. In his certificate, the physician states that his first visit or prescription in the last illness of the insured was January 3, 1926, two months before the date of the policy and five months before the death of the insured, that health had been impaired two years before death, that he had attended the insured during the year 1924 for grippe and weak heart, that the cause of death was oedema, with " *insufficientia valv. mitr. et aortae* " as a contributory cause and that such condition had existed for two years. Attached to the certificate is a statement signed by plaintiff as claimant agreeing that the certificate shall be considered a part of the proofs of death under the policy in accordance with its conditions. After this document had been rejected, testimony was admitted to the effect that it had been read to plaintiff prior to the trial and that she had conceded its correctness. Plaintiff seeks to support this judgment upon the theory that the certificate was hearsay, that her act in supplying defendant with it was involuntary and, therefore, does not constitute an admission by her of the facts therein stated and that it is privileged.

The statements in the certificate do not constitute hearsay. Rather, the paper must be viewed as *prima facie* evidence of a voluntary admission by the claimant that such statements are true. (*Buffalo, L. T. & S. D. Co. v. Knights Templar, etc.*, 126 N. Y. 450; *Hanna* v. *Conn. M. L. Ins. Co.*, 150 N. Y. 526; *Leonard* v. *John Hancock M. L. Ins. Co.*, 76 Misc. Rep. 529, per LEHMAN, J.; Wigmore on Evidence [2d ed.], § 1073.) The physician's certificate was one of three papers submitted as proof of loss. The whole admission should have been taken together. If it was sufficient to establish the death of the insured,

as plaintiff admits, it was also sufficient to show that death was occasioned in such a manner as to relieve defendant from responsibility. (*Ins. Co.* v. *Newton*, 22 Wall. [U. S.] 32.) Plaintiff made the physician her agent in respect to reporting dates and duration and nature of previous illnesses. She may not be held to a personal knowledge of the cause of death as described in abbreviated medical Latin, but she must be assumed to understand the statement that the insured had been attended for two weeks in the year 1924 for grippe and weak heart, an illness which is described by the physician in plainly written English, and the statement that the first visit or prescription during the last illness was in January, 1926, as well as the statement that health had been impaired two years prior to death. These expressions of fact she made her own. Indeed there is testimony which, if credited, proves that she conceded the contents of the certificate to be correct. Very different in principle is the decision in *Goldschmidt* v. *Mut. L. Ins. Co.* (102 N. Y. 486), where proofs furnished by a claimant were accompanied by a protest that the facts therein alleged were untrue. Here, plaintiff gave no expression of dissent. This paper unexplained by her and admitted by her to be part of the proofs of death is as much hers as if she had orally related their contents as facts. Its production by her is, *prima facie*, admission that the facts therein recited are true. (*Buffalo, L. T. & S. D. Co.* v. *Knights Templar, etc., supra; Spencer* v. *Citizens M. L. Ins. Assn.*, 142 N. Y. 505, 509.) How claimant's act in supplying defendant with this certificate can be regarded as involuntary is difficult to discover. The attending physician was referred to defendant as one authorized to answer for her. She saw the answer in the form of a certificate, for she herself took that certificate to the physician and requested his answers to the questions. (*Aldridge* v. *Ætna L. Ins. Co.*, 204 N. Y. 83.) She acted under no coercion.

The reception in evidence of the certificate for the

purpose of proving an admission of facts by the claimant would not constitute a violation of the provisions of sections 352 and 354 of the Civil Practice Act which relate to privileged communications. In the absence of express waiv: · at the trial, the attending physician could not be allowed orally to testify to the facts as stated in the certificate (*Redmond* v. *Industrial Benefit Assn.*, 150 N. Y. 167; *Holden* v. *Met. L. Ins. Co.*, 165 N. Y. 13; *Meyer* v. *Knights of Pythias, etc.*, 178 N. Y. 63), nor is that paper competent original evidence. It operates, however, as an admission by claimant that the facts are as stated. Its reception would violate no confidence for, as observed by Chief Judge ANDREWS in a similar case, the confidence had already been violated by the conjoint action of the physician and the claimant. (*Buffalo L., T. & S. D. Co.* v. *Knights Templar, etc., supra*, at p. 456.) Of course it is not conclusive against her but is binding until corrected or explained. (*Ins. Co.* v. *Newton, supra; Goldschmidt* v. *Mut. L. Ins. Co., supra; Spencer* v. *Citizens M. L. Ins. Assn., supra; Hanna* v. *Conn. M. L. Ins. Co., supra.*)

The judgment of the Appellate Division and that of the trial court should be reversed and a new trial ordered, with costs to abide the event.

HUBBS, J. (dissenting). I am unable to agree with the conclusion reached in the prevailing opinion.

The policy provides: " *Proof of claim.* In case of death of the Insured, proofs of claim shall be made on blanks to be provided by the Company and shall contain full answers of the claimant, physicians and other persons to all the questions asked therein and shall conform to all the requirements thereof."

That clause distinguishes this case from all those cited in Judge O'BRIEN's opinion to the effect that a doctor's affidavit served upon an insurance company as a part of the proofs of death constitutes an admission against interest by the beneficiary of the facts stated in such

affidavit. In none of the cases cited was the beneficiary bound by the contract of insurance to furnish a physician's affidavit upon a blank to be furnished by the insurance company requiring the physician to make full answers to all the questions asked. It appears from the opinion in *Buffalo Loan, Trust & S. D. Co.* v. *Knights Templar, etc.* (126 N. Y. 450) that the certificate of insurance required only "proof of death." The furnishing of a doctor's affidavit was a gratuitous act, voluntary and unnecessary. Under those circumstances the plaintiff in that case vouched for the truth of the doctor's affidavit, and it was held to constitute an admission against interest upon his part. The case of *Spencer* v. *Citizens Mut. L. Ins. Assn.* (142 N. Y. 505) is of the same nature, and in that case the record discloses that no objection was made at the trial to the receipt in evidence of the doctor's affidavit. To the same effect is the case of *Hanna* v. *Conn. Mut. Life Ins. Co.* (150 N. Y. 526). The other cases cited belong in the same class and rely upon the *Spencer* and *Hanna* cases as authority for the general statement that a physician's affidavit, forming part of the proofs of death, is properly received in evidence as an admission against interest.

In *Helwig* v. *Mutual Life Ins. Co.* (58 Hun, 366) it was said: "Ordinarily, it may be said that a party who makes use of an affidavit thereby holds it forth as truthful, but we think the present case is an exception to the general rule, for it was a condition of the policy that the proofs of loss should be accompanied by the statement of the physician who attended the deceased in the last illness. The questions were upon a printed blank furnished by the company. It is not to be supposed that the claimant could control the responses or was in any degree responsible for their correctness. Had the forwarding of the physician's affidavit been a matter of choice with the claimant, it might well be argued that the statement was put forward as truthful and was evidence against the party using it. But as the claimant

had no option and was compelled by the contract to forward the statement, it cannot be used as evidence against her." When that case was passed on in this court in 132 New York, 331, this court reversed upon the express ground that the policy did not require the plaintiff to furnish the doctor's affidavit. All that the beneficiary was required to do was to furnish proof of death.

In *Redmond* v. *Industrial Benefit Association* (150 N. Y. 167) the true rule was announced, although the statement was not necessary to the decision. Judge BARTLETT wrote, all the members of the court concurring: " It would seem that the attending physician of the insured did not represent the plaintiff, and the furnishing of his sworn statement was in no sense the voluntary act or admission of the plaintiff, but was made a condition precedent to his recovery on the policy by the contract of insurance." In that case the by-laws of the defendant required " that the proofs of death shall contain, among other things, a statement under oath of the attending physician made upon a blank furnished by the company." It will be noted that the requirement is very much like the one contained in the policy in this case.

The question is open in this court, and may be considered upon principle. The proofs of death must be furnished upon blanks provided by the company and must contain full answers by the physician to all the questions asked thereon. The claimant has no option. The physician's affidavit is a statement extracted from the claimant by the terms of the policy. How can it be held that she vouches for the truth of each statement therein? How can it reasonably be said that she adopted the statement of the physician as her own, especially in view of the fact that her own sworn statement, filed as a part of the proof of death, stated the facts, in so far as they are in issue here, directly contrary to the statement contained in the physician's affidavit?

The claimant did not agree to adopt the statement of the physician; she did agree to furnish it. It may be of use to the company in determining its attitude in the adjustment of the claim. Ordinarily when a person tenders or serves an affidavit of a third person in support of a claim, he is held to approve the contents of the affidavit of which he thus makes use. There can be no question about the general principle. In the case at bar the policy provides that in consideration of the premium and on satisfactory proof of the death of the insured the company will pay the amount due. That is the primary contract. As a part of the policy it is further provided that the beneficiary shall furnish to the company certain information upon blanks furnished by it, containing questions to be answered by certain persons, among others by the physician. The claimant cannot know how the physician will answer those questions or whether she can agree that the answers are true. Neither can she control the answers to the questions. Still, she is bound by the terms of the policy to furnish a physician's affidavit. Under such circumstances it is a misuse of the word " admission " to say that by filing the affidavit which she was obliged to file she admitted the truth of the statements which it contains.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND and LEHMAN, JJ., concur with O'BRIEN, J.; HUBBS, J., dissents in opinion, in which CRANE and KELLOGG, JJ., concur.

Judgments reversed, etc.