THELMA DYKES, Appellee, v. WASHINGTON NATIONAL INSURANCE COMPANY, Appellant.

No. 44679.

APRIL 4, 1939.

Genung & Genung, for appellant.

Cook & Cook, for appellee.

HALE, J.—On March 30, 1936, Charles F. Dykes died as the result of an injury sustained when his automobile collided with a stump on March 14, 1936.

The plaintiff, Thelma Dykes, was the beneficiary of a policy of insurance issued to said Charles F. Dykes by the defendant (appellant herein), which policy was at the time of the accident to and death of the insured in full force and effect. One of the provisions of said policy, and about which the contest centers, was that the indemnities provided therein should be payable if the insured sustained injuries as follows:

"(a)  By the wrecking or disablement of an automobile, truck or horsedrawn vehicle in which the Insured is riding or driving; * * *."

On the date of the accident, March 14, 1936, the insured, a large man, had his car parked in the yard of his home, where the ground was apparently sloping, when the car started downgrade and he attempted to stop it. After the car had gone about fifty feet it struck a stump and was considerably damaged, and the insured received an injury to his hip, from which embolism resulted and his death occurred.

On March 16, 1936, a preliminary proof of loss was made by said Charles F. Dykes, and in this proof he stated that he was "Attempting repairs on running motor, car started moving down grade in attempting to stop car, from my position on running board, I was thrown to ground when car ran into a ditch."

A statement was also made by the attending physician, who, of course, was not present at the time of the injury; and a statement was also made, as the statement of an eyewitness, by the wife of the insured (plaintiff herein), in which she said:

"I witnessed the accident from back porch of house some thirty feet away.  My husband attempted to stop moving auto-

mobile but was thrown from running board when the car ran into the ditch."

The case was tried to a jury, and evidence given by the plaintiff and another eyewitness to the accident, John Gregg. At the close of the testimony the defendant moved the court for a directed verdict. Among the numerous grounds thereof was "that the evidence shows that the said Charles F. Dykes was not riding in or driving said automobile at the time that the same was wrecked or disabled and the injuries complained of"; and that the evidence wholly fails to show that he was riding in or driving said automobile; and that the evidence showed that he was on the outside of the car, on the running board, and that in attempting to stop the moving car, he was injured. This motion was overruled by the court. The cause was submitted to the jury, who returned a verdict in favor of the plaintiff. Exceptions to instructions, motion for judgment notwithstanding the verdict, and motion for a new trial were made, the last motion setting out error in the overruling of defendant's motion for a directed verdict, all of which motions and exceptions were overruled, and defendant appeals.

The defendant bases its complaint on the action of the court on three grounds: First, that verdict should have been directed for the reason that the evidence showed that the decedent did not receive the injury from which he died by the wrecking or disabling of an automobile in which he was riding or driving; second, for the reason that the proof of loss hereinbefore referred to was controlling and that the beneficiary was bound by the statements contained therein, which showed that the injury did not come within the purview of the policy, and such statements were binding upon the plaintiff; and, third, the alleged error of the court in overruling defendant's motion for a new trial for the reason that the verdict was against the weight of and contrary to the evidence.

I. The first ground of complaint is that the policy required that the injury sustained must occur while the insured is riding in or driving an automobile. There is no question in this case that the injury was sustained by the wrecking or disabling of an automobile, but the defendant denies that the insured was riding therein. The evidence of John Gregg, who saw

the accident, was that he was positive of the fact that the insured was in the car. He stated:

"The car went down the bank and struck the stumps, and I saw Mr. Dykes depart out of my sight, and when I run over there, there he laid on the ground."

The question was asked of the witness:

"Was he in the car when it was going down there?"

The answer was:

"Yes, I would say from what I could see."

The plaintiff also was a witness in the case and she testified that she stepped out of the kitchen of her house and went out of doors, and "the car was going down grade, and my husband made an attempt to stop it. He stepped on the—started to get in the car, one foot was on the running board, the other one was inside. He was seated on the seat in the car. The left door of the car was open."

The defendant, however, claims that, notwithstanding this testimony, the evidence shows that the insured was not riding in the car. The matter was submitted to the jury, who were clearly told in the instructions that there could be no recovery unless they found as a matter of fact that the said Charles F. Dykes was riding in the automobile.

It is true that there was a statement signed by the insured, and that there was a statement signed by the beneficiary (the plaintiff herein), which is hereinbefore set out; but we feel that, even if these statements may be taken as contradictory, there was still evidence sufficient to take the question to the jury.

■■■ II. It is claimed, however, by the defendant that the statement of the insured and the statement of the beneficiary are conclusive as to the right of the plaintiff to recover, and a number of authorities are cited to the effect that uncontradicted and unexplained statements are conclusive. None of the cases cited, however, goes to the extent claimed by the defendant. It is true that the defendant has a right to rely upon such representations unless and until explained, and such is the holding of the various cases cited, among which are Hanna v. Connecticut Mut. Life Ins. Co., 150 N. Y. 526, 44 N. E. 1099; Spencer v. Citizens Mut. Life Ins. Assn., 142 N. Y. 505, 37 N. E. 617; Supreme

Lodge, K. of P. v. Beck, 181 U. S. 49, 21 S. Ct. 532, 45 L. Ed. 741. Yet all these cases and, we believe, all the authorities on the subject, hold, and the defendant concedes in argument, that the beneficiary under a policy can explain any erroneous statement; but defendant denies that the statements were ever explained or contradicted. With this argument we cannot agree. The evidence heretofore referred to unquestionably contradicts the statements relied on by the defendant, even if such statements went to the extent that defendant insists. At the most, the statement of the insured, and of the beneficiary, who, at the time of making her statement was not claiming as a beneficiary but testifying as an eyewitness, would be prima facie only, subject to any contradiction or explanation, and the testimony shows that they were so contradicted. The statement made by the plaintiff was made, according to her testimony on cross-examination, to Dr. Harmon, who wrote the report. The most the statement says was that "he was on the running board."

We feel that under the evidence the plaintiff was not bound and that there was sufficient evidence to submit to the jury the question of whether or not the insured was within the car at the time of the injury.

III. Nor can we agree with counsel that the court erred in overruling defendant's motion for a new trial for the reason that the verdict was against the weight of and contrary to the evidence. The disposition made of the two preceding assignments of error renders it unnecessary to discuss this third assignment, but we may say here that the cause was submitted on instructions which fully set out the matters necessary to be proven and that the evidence was sufficient for such submission.

IV. We do not find it necessary to consider the objection made by the plaintiff to defendant's failure to comply with Rule 30. Since we find that the case should be affirmed, we do no more than call attention thereto. See Russell v. Peters, 219 Iowa 708, 259 N. W. 197; W. T. Rawleigh Co. v. Bane, 218 Iowa 154, 254 N. W. 18.

We feel that the cause was fairly tried and the verdict supported by the evidence, under the issues made and submitted.—Affirmed.

MITCHELL, C. J., and HAMILTON, STIGER, SAGER, BLISS, OLIVER, and MILLER, JJ., concur.