Harold R. Smith, Respondent, v. Metropolitan Life Insurance Company, Appellant.— In this action to recover under an accidental death benefit provision in a life insurance policy, the policy requires the claimant to submit due proof of death by accidental means. Claimant, plaintiff, included in his submission a physician's certificate stating that the death was suicidal. Defendant appeals from the judgment entered on the verdict of a jury in plaintiff's favor. Judgment reversed on the law and a new trial granted, costs to abide the event. The implied findings of fact are affirmed. It was error to refuse the request to charge the jury that the proofs of death submitted by plaintiff to the defendant are binding on plaintiff as admissions and unless explained furnish conclusive evidence of the truth of their contents. (*Hanna* v. *Connecticut Mut. Life Ins. Co.*, 150 N. Y. 526, 530; *Cirrincioni* v. *Metropolitan Life Ins. Co.*, 223 App. Div. 461, 463; *Rudolph* v. *John Hancock Mut. Life Ins. Co.*, 251 N. Y. 208, 212; see, also, *Wachtel* v. *Equitable Life Assur. Soc.*, 266 N. Y. 345.) In view of the closeness of the issue of fact the error may not be disregarded. Adel, Acting P. J., Wenzel and MacCrate, JJ., concur. Beldock and Murphy, JJ., dissent and vote to affirm, with the following memorandum: The court was correct in refusing to charge the request. It was inapplicable and misleading. The admission in the proofs of death had been explained. A question of fact, on all of the proof, was presented to the jury. (*Spencer* v. *Citizens' Mut. Life Ins. Assn.*, 142 N. Y. 505, 510; *Hanna* v. *Connecticut Mut. Life Ins. Co.*, 150 N. Y. 526, 531; *Wachtel* v. *Equitable Life Assur. Soc.*, 266 N. Y. 345, 351.)

The jury was warranted in weighing the admission and the explanation, together with all other proof, in determining the issue of accidental death; but it could not find for defendant on the assumption, permitted to it in the request, that the admission was conclusive because no explanation had been offered. (Cf. *People ex rel. Wallington Apts.* v. *Miller,* 288 N. Y. 31, 33.) The court's statement on its refusal to charge as requested was clear and precise and eminently fair to the defendant. It subsequently charged that the "burden of proof to establish death by accidental means remains on the plaintiff throughout the trial".