ANNIE FOLEY, Appellant, *v.* THE ROYAL ARCANUM, Respondent.

1. BENEFIT LIFE INSURANCE — CONSTRUCTION OF CERTIFICATE. A warranty of the truthfulness of representations and a waiver of provisions of law preventing disclosures of professional communications by a physician, contained in an application for membership in a fraternal beneficiary society, are, when nothing inconsistent with such intention appears, to be deemed to have been made a part of the contract of insurance, under the word " statements," when the certificate issued on the application states that it was issued "upon condition that the statements made [by the applicant] in his application for membership * * * be made a part of this contract."

2. " STATEMENT" DEFINED. The meaning of the word "statement" is not necessarily limited to the statement of a fact or the substance of a case, but may also include the provisions of a contract.

3. PROFESSIONAL COMMUNICATIONS — WAIVER OF PRIVILEGE. The waiver, by the applicant, in an application for membership in a fraternal beneficiary society, of the provisions of law preventing disclosures by a physician, is not against public policy, and if made part of a contract of life insurance entered into when the statute (Code Civ. Proc. § 836) authorized such a waiver without restriction as to time, it is not affected by the subsequent amendment of the statute, requiring the waiver to be made upon the trial, but remains binding upon the beneficiary when seeking to recover upon the contract.

*Foley* v. *Royal Arcanum,* 78 Hun, 222, affirmed.

(Argued December 7, 1896; decided December 15, 1896.)

APPEAL from a judgment of the General Term of the Supreme Court in the second judicial department, entered May 31, 1894, which affirmed a judgment in favor of defendant entered upon a dismissal of plaintiff's complaint on trial at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John M. Gardner* for appellant. The court erred in holding that the contract of insurance, to wit, the benefit certificate, expressed a warranty of the truth of the statements in the application, and not submitting to the jury their materiality. (*Moulor* v. *A. L. Ins. Co.*, 111 U. S. 335; *Britton* v. *Royal Arcanum*, 46 N. J. Eq. 106; *A. P. Co.* v. *Day*, 39 N. J. L. 89; *A. G. Co.* v. *Johnson*, 80 Ala. 467; *Owens* v. *H. P. Ins. Co.*, 56 N. Y. 572; *Campbell* v. *N. E. Co.*, 98 Mass. 381; *Presbyterian Fund* v. *Allen*, 106 Ind. 593; *Cushman* v. *U. S. L. Ins. Co.*, 63 N. Y. 407; 21 Ill. App. 471; 26 Ill. App. 495; 17 Minn. 497; 31 Iowa, 216; 59 N. Y. 557.) The court should have submitted the question of fact to the jury as to whether insured did in fact have the infirmities or any one of them which defendant claimed. (132 N. Y. 332; 126 N. Y. 456; 22 Wall. 321.) The court erred in allowing, against objection, defendant to put in evidence that part of the application which contained an agreement or promise by insured to waive objections to physicians testifying on the trial, not being a part of the contract of insurance nor referred to in the certificate. (3 Hill, 500; 9 Barb. 191; *C. Ins. Co.* v. *Hoffman*, 27 N. E. Rep. 745; Wood on Ins. § 138; May on Ins. § 159; *Owens* v. *H. P. Ins. Co.*, 56 N. Y. 565.) Even if waiver was part of the contract of insurance, it was void. (*Edington* v. *M. L. Ins. Co.*, 5 Hun, 1; L. 1891, ch. 381; *Crawford* v. *Lockwood*, 9 How. Pr. 547; *Kneettle* v. *Newcomb*, 22 N. Y. 249; *Shapley* v. *Abbott*, 42 N. Y. 452; *Westover* v. *Æ. L. Ins. Co.*, 99 N. Y. 58; *McKinney* v. *G. S., P. P. & F. R. R. Co.*, 104 N. Y. 352.) The statute in force at the time of the trial required the waiver to be made

upon the trial. (L. 1891, ch. 381; 2 Rice on Evid. 806; 5 Mass. 533; 12 Wheat. 349; 23 Me. 553; 13 Iowa, 89; 6 Gray, 1; 38 Barb. 608; 25 Vt. 303; 39 N. H. 323; *Southwick* v. *Southwick*, 49 N. Y. 517; *Neass* v. *Mercer*, 15 Barb. 318; *People* v. *Mitchell*, 45 Barb. 212; 12 N. Y. 543; 26 N. Y. 53; 7 Wis. 54; 38 Barb. 608.)

*S. M. Lindsley* for respondent. The contract of insurance contained a warranty by the insured that he never had hemorrhoids or any disease of the genital or urinary organs. (*Ripley* v. *Æ. Ins. Co.*, 30 N. Y. 136, 157; *Studwell* v. *M. B. L. Assn.*, 46 N. Y. S. R. 902; *Cushman* v. *U. S. L. Ins. Co.*, 63 N. Y. 407; *Clemans* v. *S. A. R. S. of G. F.*, 131 N. Y. 485; *Fitch* v. *A. P. L. Ins. Co.*, 59 N. Y. 557.) The statements in question were material to the risk, and, being untrue, whether warranties or representations, they avoid the contract. (1 Bacon on ·Ben. Soc. § 212; *P. M. L. Ins. Co.* v. *Raddin*, 120 U. S. 183; *Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341; *Higbie* v. *G. M. L. Ins. Co.*, 53 N. Y. 603; *Boland* v. *I. B. Assn.*, 74 Hun, 385; *Barteau* v. *P. M. L. I. Co.*, 67 N. Y. 595.) The evidence of Foley's attending physicians as to his diseases was properly received. (Code Civ. Proc. §§ 834–836; *In re Coleman*, 111 N. Y. 220, 228; *Alberti* v. *N. Y., L. E. & W. R. R. Co.*, 118 N. Y. 77; *Rosseau* v. *Bleau*, 131 N. Y. 177; *G. R., etc., R. R.* v. *Martin*, 41 Mich. 671; *Treanor* v. *M. R. Co.*, 41 N. Y. S. R. 614; *Dougherty* v. *M. L. Ins. Co.*, 87 Hun, 15; *Cahen* v. *C. L. Ins. Co.*, 9 J. & S. 296; *Andreveno* v. *M. R. F. L. Assn.*, 34 Fed. Rep. 870; 2 May on Ins. [3d ed.] § 579; 2 Bacon on Ben. Soc. § 561; 2 Biddle on Ins. § 852.) Legislation, after the rights of parties become vested, could not divest such rights, and, therefore, after the death of Foley the legislature could not take away defendant's contract right to give evidence of attending physicians. (Const. of U. S. art. 1, § 10; 1 Kent's Comm. 455; 2 Sandf. Ch. 534; Potter on Stat. 167; 1 Den. 128.) The waiver of a statutory provision which prevents attending physicians from giving

evidence as to their patients is not inhibited by public policy. (*Dougherty* v. *M. L. Ins. Co.*, 87 Hun, 15; *Hunt* v. *Blackburn*, 128 U. S. 470.) The principle that the legislature may prescribe the forms of procedure and rules of evidence, is not applicable where, as in the case at bar, a special contract between them fixes and governs the rights of the parties. (*In re N. Y., L. & W. R. R. Co.*, 98 N. Y. 447; *H. K. & S. B. Corp.* v. *Cooper*, 114 N. Y. 388; *Sentenis* v. *Ladew*, 140 N. Y. 466; *Mayor, etc.*, v. *M. R. Co.*, 143 N. Y. 26; *Proppe* v. *M. L. Ins. Co.*, 13 Misc. Rep. 266.) The provisions of section 834 of the Code of Civil Procedure were waived upon the trial, according to section 836 of the same Code. (*Dougherty* v. *M. L. Ins. Co.*, 87 Hun, 17.) Co-operative insurance organizations may give in evidence declarations of the insured as to his condition and diseases. (*Smith* v. *N. B. Soc.*, 51 Hun, 577; 123 N. Y. 85; *Steinhausen* v. *P. M. A. Assn.*, 59 Hun, 336; *Luhrs* v. *S. L. K. & L. of H.*, 27 N. Y. S. R. 89; 7 N. Y. Supp. 488; *M. B. Soc.* v. *Burkart*, 110 Ind. 189; *U. M. Assn.* v. *Montgomery*, 70 Mich. 587; *Martin* v. *Stebbins*, 125 Ill. 387.)

HAIGHT, J.   This action was brought to recover the amount alleged to be due upon a benefit certificate.

The defendant is a fraternal beneficiary society and as such issued to Jeremiah B. Foley a benefit certificate for $3,000, payable upon his death to his widow. The certificate was issued on the 5th day of April, 1890, and Foley died on the 14th day of July thereafter, leaving the plaintiff, his widow, him surviving. The defense interposed was misrepresentations as to his physical condition and breach of warranties with reference thereto.

The representations complained of were to the effect that he had no hemorrhoids or diseases of the genital or urinary organs. The evidence taken at the trial tended to show that he was afflicted with these diseases; that he had consulted physicians with reference thereto and had been advised to go to the hospital and submit to an operation prior to his mak-

ing his application for insurance herein ; that shortly after his application was allowed and the certificate issued to him he went to a hospital in the city of New York and submitted to an operation and that he shortly thereafter died in the hospital. The evidence with reference to his physical condition was without substantial dispute, and upon the theory that his statements were warranties no question of fact was presented which it was necessary to submit to the jury.

The application was in writing signed by Foley, and among other things contained the following: "I do hereby warrant the truthfulness of the statements in this application and consent and agree that any untrue or fraudulent statement made herein or to the medical examiner, or any concealment of facts by me in this application  *  *  *  shall forfeit the rights of myself and my family or dependents to all benefits and privileges therein." And further, "I hereby expressly waive any and all provisions of law now existing or that may hereafter exist preventing any physician from disclosing any information acquired in attending me in a professional capacity or otherwise, or rendering him incompetent as a witness in any way whatever, and I hereby consent and request that any such physician testify concerning my health and physical condition, past, present or future." The benefit certificate issued to him, among other things, provided that it was issued "upon condition that the statements made by him in his application for membership in said council and the statements certified by him to the medical examiner, both of which are filed in the supreme secretary's office, be made a part of this contract."

It is now urged that the "statements" referred to in the certificate do not include the warranty or waiver embraced in the application, and that such warranty and waiver became no part of the contract. This view, we think, should not be adopted. From the reading of the certificate, application and medical examination, which is also signed by Foley, it is quite apparent that it was the understanding and intention of the contracting parties that the application was to become a part of the contract. We do not overlook the rule that, in con-

struing contracts of insurance, we should be strict as to the insurer and liberal as to the insured. It does not in this case permit an escape from the manifest intention of the parties. To limit the word "statements" appearing in the certificate to that which he has stated in the application with reference to his physical condition, excluding all other assertions, we think, would be too narrow and technical. The word as commonly used has a more comprehensive meaning. It is a formal embodiment in language of matter communicated to another. It is, to express the particulars of; to represent fully in words; make known specifically; explain; narrate; to recite facts, &c. (See Century Dictionary.) It is not necessarily limited to the statement of a fact or the substance of a case, but may include the provisions of a contract. The application, as we have seen, contained a warranty as to the correctness of the representations made, and also a waiver of the applicant's right to exclude the evidence of physicians who had treated him. He stated that he warranted and that he waived, and, from allusions made in the certificate thereto, the conclusion is irresistible that it was the intention of the parties to make the warranty and the waiver a part of the contract.

A more serious question is presented with reference to the waiver. It is contended that a waiver before the trial is against public policy, and that the law at the time of the trial did not permit it. The law, as it stood at the time the contract was made, provided that "a person duly authorized to practice physic or surgery, shall not be allowed to disclose any information which he acquired in attending a patient, in a professional capacity, and which was necessary to enable him to act in that capacity." (Code C. P. § 834.) Section 836 provided that "the last three sections apply to every examination of a person as a witness, unless the provisions thereof are expressly waived by the person confessing, the patient or the client." At the time of the trial the last section had been amended so as to require the waiver to be made upon the trial. It will thus be seen that the right to waive is given by the express provisions of the Code. The right of the legislature

to establish rules of evidence and to make them applicable to all trials thereafter had is unquestioned, but it cannot pass an act impairing the obligations of a contract. The waiver, as we have seen, was a part of the contract. It was made to induce it. It was authorized by the Code and is binding upon the parties unless the making of it at that time was against public policy.

In *Matter of the N. Y., L. & W. R. Co.* (98 N. Y. 447–453), EARL, J., in delivering the opinion of the court, says:

"Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights. They may stipulate for shorter limitations of time for bringing actions for the breach of contracts than are prescribed by the statutes, such limitations being frequently found in insurance policies. They may stipulate that the decision of a court shall be final, and thus waive the right of appeal; and all such stipulations not unreasonable, not against good morals, or sound public policy, have been and will be enforced; and generally, all stipulations made by the parties for the government of their conduct, or the control of their rights, in the trial of a cause, or the conduct of a litigation, are enforced by the courts."

In *Matter of Coleman* (111 N. Y. 220) an attorney of the testator was requested to sign the attestation clause of the will as a witness. It was held that this was an express waiver within the meaning of section 836 of the Code. In this case it will be seen that the waiver was before the death and intended to take effect after death upon the probate of the will. RUGER, Ch. J., in delivering the opinion of the court, says with reference thereto : "It cannot be doubted that, if a client in his lifetime should call his attorney as a witness in a legal proceeding, to testify to transactions taking place between himself and his attorney, while occupying the relation of attorney and client, such an act would be held to constitute an express waiver of the seal of secrecy imposed by the

statute, and can it be any less so when the client has left written and oral evidence of his desire that his attorney should testify to facts, learned through their professional relations, upon a judicial proceeding to take place after his death ? We think not. (*McKinney* v. *G. St., etc., R. R. Co.*, 104 N. Y. 352.) The act of the testator, in requesting his attorneys to become witnesses to his will, leaves no doubt as to his intention thereby to exempt them from the operation of the statute, and leave them free to perform the duties of the office assigned them, unrestrained by any objection which he had power to remove."

In *Adreveno* v. *M. R. F. Life A.* (34 Fed. Repr. 870) the action was upon a certificate of insurance which contained a clause of waiver similar to the one we have under consideration. The statute of Missouri provided that " The following persons shall be incompetent to testify : A physician or surgeon, concerning any information which he may have acquired from any patient while attending him in a professional character, which information was necessary to enable him to prescribe for such patient as a physician or to do any act for him as a surgeon." THAYER, J., said : " The statute is construed in this state as conferring a privilege merely that may be waived ; it is not declaratory of any public policy. The public is not concerned in excluding the testimony of a physician as to the condition of a patient, if the patient himself does not object to such disclosures. In this respect the courts of this state follow the rulings in New York and Michigan under a similar statute, as appears by the cases of *Cahen* v. *C. L. Ins. Co.* (41 N. Y. Super. Ct. 296) ; *R. R. Co.* v. *Martin* (41 Mich. 667). As the patient is at liberty to waive the privilege which the law affords him, it appears to me it is immaterial whether the patient waives the privilege by calling the physician to testify in his behalf, or whether he waives it, as in this case, by a clause contained in the contract on which the suit is brought ; and if the patient himself waives the privilege by a clause contained in the contract, that waiver, in my judgment, is binding on any one who claims under the

contract, whether it be the patient himself or his representative." (See, also, *Alberti* v. *N. Y., L. E. & W. R. R. Co.*, 118 N. Y. 77–85; *Rosseau* v. *Bleau*, 131 N. Y. 177–184.) It appears to us that these cases dispose of the question under consideration; that the waiver is not in contravention of any principle of public policy, and that the amendment to section 836 of the Code, made after the contract, has no application.

The judgment should be affirmed, with costs.

All concur, except Martin, J., not voting.

Judgment affirmed.