MIRANDA E. LIPPINCOTT, DEFENDANT IN ERROR, v. SUPREME COUNCIL, ROYAL ARCANUM, PLAINTIFF IN ERROR.

Argued December 6, 1899—Decided March 5, 1900.

It is the duty of a court to control a jury in its verdict by a binding instruction when the testimony in the case will not support any other verdict than that which is directed.

---

On writ of error to Atlantic Circuit. Tried at the September Term, 1899, before Hon. George C. Ludlow, judge, and a jury, and a verdict rendered for the plaintiff below.

For the plaintiff in error, *W. Holt Apgar.*

For the defendant in error, *Thompson & Cole.*

The opinion of the court was delivered by

GUMMERE, J. This action was brought by Miranda E. Lippincott to recover the amount alleged to be due upon a benefit certificate issued to her husband by the Royal Arcanum, and by its terms payable upon his death to his widow.

The certificate sued on was issued on February 28th, 1895, to William E. Lippincott, who was at that time a member of the defendant organization. By its terms the society agreed that, upon compliance by the husband with certain conditions contained in the certificate, it would pay to his widow,

out of its widows' and orphans' benefit fund, a sum not exceeding $3,000 upon satisfactory evidence of his death and the surrender of the certificate.

One of the conditions contained in the certificate, a compliance with which was made a pre-requisite to a right of recovery thereon, was that the statement made by the husband, in his application for membership and the statement certified by him to the medical examiner, "be made a part of the contract." He stated in the application for membership that he had no injury or disease which would tend to shorten his life, and that he was, at the time of making the application, in good health. Among the statements certified by him to the medical examiner were the following: That he had never undergone any surgical operation; that he had never been afflicted with catarrh; that he was, at the time of making the statements, in sound health. The truthfulness of each of these several statements was warranted by Lippincott.

The defence interposed by the society as a bar to the plaintiff's right of recovery on the certificate was misrepresentation as to the applicant's physical condition and breach of the warranties contained in his application and in the statement certified by him to the medical examiner.

At the close of the testimony there was a motion on the part of the defendant to direct a verdict in its favor. The motion was refused, the case was submitted to the jury and a verdict rendered for the plaintiff. The question presented by this writ of error is whether, upon the undisputed testimony of the case, the defendant was entitled to a binding instruction to the jury. It had been proved by the defence and not controverted by the plaintiff that Lippincott, at the time of his application for insurance, was suffering from catarrh of the throat, that he was under medical treatment for that disease, and that he remained under such treatment until his death, which resulted from consumption. It had also been proved that, some months prior to the making of the application, he had undergone a surgical operation, the object of which was the removal of the sub-maxillary gland upon the

left side of the jaw, the operation having been rendered necessary by the diseased condition of the gland. No attempt was made to discredit the witnesses who so testified.

It is contended upon the part of the defence that the warranties of the truth, both of the statements contained in the application for insurance and of the statements made to the medical examiner, are absolute; that the statement made by the applicant that he had never suffered from catarrh, and the further statement that he had never undergone a surgical operation were, each of them, in fact false and therefore avoided in the contract of insurance, even if they were honestly made by the applicant under the belief that they were true. This is the construction put upon warranties, similar in character, by the Court of Appeals of New York in the case of *Foley* v. *Royal Arcanum*, 151 *N. Y.* 196.

The plaintiff, on the other hand, contends that the warranties under consideration were not absolute in their character but were merely that the statements referred to were true to the best of the applicant's knowledge and belief. *Anders* v. *Knights of Honor*, 22 *Vroom* 175, is cited to support this contention.

The question argued, although an interesting one, is not involved in the decision of this case, for, if the decedent warranted only the honesty of his statements, the proofs showed, a clear breach of that warranty. He must have known, when he declared that he had never suffered from catarrh, that this was untrue, for he was then being treated by his physician for that disease. He likewise must have known that he was making a false statement when he declared that he had never undergone a surgical operation. The unimpeached testimony in the case is conclusive upon this point and a verdict for the plaintiff cannot be supported without disregarding it. This being so, it was the duty of the trial court to control the jury in its action and direct a verdict for the defendant. *Baldwin* v. *Shannon*, 14 *Vroom* 596; *Crue* v. *Caldwell*, 23 *Id.* 215; *Haines* v. *Merrill Trust Co.*, 27 *Id.* 312.

The judgment under review should be reversed.

*For affirmance*—None.

*For reversal*—The Chief Justice, Collins, Depue, Dixon, Garrison, Gummere, Lippincott, Van Syckel, Adams, Bogert, Hendrickson, Nixon, Vredenburgh. 13.