MARY C. HOLDEN, Appellant, *v.* THE METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

EVIDENCE — DISCLOSURES BY PHYSICIAN — CODE OF CIV. PRO. §§ 834, 836 — WAIVER. An express waiver in an application for a policy of life insurance of the provisions of section 834 of the Code of Civil Procedure, made by the insured after the amendment in 1891 to section 836, providing that such waiver could be made only upon "the trial or examination" by his personal representatives, had taken effect, is ineffectual to permit disclosures by a physician of information which he acquired in attending the insured in a professional capacity.

*Holden* v. *Met. L. Ins. Co.*, 11 App. Div. 426, reversed.

(Argued October 16, 1900; decided November 27, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 10, 1896, upon an order affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The action was upon a policy of insurance issued by the defendant upon the life of Charles R. Harris, payable to his legal representatives. The plaintiff claims $2,500, the amount of such policy, under and by virtue of two assignments to her, one of $2,000, and the other of $500.

The further material facts are stated in the opinion.

*Edgar T. Brackett* for appellant. It was error for the court to receive the evidence of Dr. Sweetman as to the condition of the insured, where the knowledge of the witness thus

testified to was obtained by him as a physician, and was necessary to enable him to prescribe for the patient. (Code Civ. Pro. §§ 834, 836; *Matter of Coleman*, 111 N. Y. 220; *Alberti* v. *N. Y., L. E. & W. R. R. Co.*, 118 N. Y. 77; *Foley* v. *Royal Arcanum*, 151 N. Y. 196.)

*John De Witt Peltz* for respondent. The trial judge was right in admitting the evidence of physicians who attended Charles R. Harris, the person insured, as to such attendance and as to his physical condition. His express waiver of the provisions of section 834 of the Code of Civil Procedure with relation to the physician's privilege, contained in the application for the policy (the same being by its terms a part of the contract of insurance), was a valid and complete waiver of the protection of the statute which he had a right to make, and the trial judge gave proper and legal effect thereto by admitting the evidence objected to. (*Foley* v. *Royal Arcanum*, 151 N. Y. 196; *Dougherty* v. *M. L. Ins. Co.*, 87 Hun, 15; *Edington* v. *M. L. Ins. Co.*, 67 N. Y. 185; *Pierson* v. *People*, 79 N. Y. 424; *G. R. R. R. Co.* v. *Martin*, 41 Mich. 671; *Hunt* v. *Blackburn*, 128 U. S. 470; *B. L. T. & S. D. Co.* v. *K. T. & M. M. Assn.*, 126 N. Y. 450; *Adreveno* v. *R. F. L. Ins. Co.*, 34 Fed. Rep. 870; *Sentenis* v. *Ladew*, 140 N. Y. 463; *Mayor, etc.,* v. *M. R. Co.*, 143 N. Y. 1; *Greve* v. *Æ. L. S. Ins. Co.*, 81 Hun, 28.)

MARTIN, J. The defense interposed was a breach of warranty by the insured, in that the representations contained in his application to the effect that no brother of his had ever had consumption, and that the insured had never had bronchitis or dyspepsia, or been attended by any physician therefor were false and untrue.

On the trial the defendant called as a witness James T. Sweetman, who was a practicing physician and acquainted with the insured in his lifetime. He testified that he was one of the attending physicians during the last illness of the insured; that he knew him a little over two years before his

death, and that he attended him professionally previous to his last illness, to the best of his knowledge, in January and in April, 1893. The defendant then asked the witness the following question : "What was his physical condition in January, 1893, and April, 1893, when you attended him ?" To this the plaintiff objected upon the ground that it called for a confidential communication which the physician could not disclose, was within the inhibition of section 834 of the Code of Civil Procedure, and improper and immaterial. The plaintiff's counsel then stated that on behalf of the personal representatives of the decedent he claimed the privilege given by section 834 of the Code of Civil Procedure, and expressly refused to waive the provisions thereof. The court overruled the plaintiff's objections upon the ground that an express waiver of the provisions of section 834 was contained in the application for the policy, and that such waiver was effective and binding upon the plaintiff and the personal representatives of the decedent. To this ruling the plaintiff excepted. The witness answered that the decedent was suffering from acute bronchitis when he saw him in January, 1893, and that it was commonly called a very acute and very severe case. The witness was then asked if he prescribed for Mr. Harris in April, 1893, and for what disease. This was objected to as immaterial and calling for a confidential communication, improper and not tending to show a violation of any of the warranties in the application or policy. This objection was overruled, and the plaintiff excepted. The witness then testified : "Harris came to me in April, 1893, and required my services, and I prescribed for him for dyspepsia." Under the same objections and ruling, the witness was also permitted to testify that he attended the insured during his last illness, and that he was suffering from phthisis or consumption. This answer was permitted after the witness had testified that whatever knowledge he obtained was necessary for him to prescribe for the patient.

Section 834 of the Code of Civil Procedure provides : "A person, duly authorized to practice physic or surgery, shall

not be allowed to disclose any information which he acquired
in attending a patient, in a professional capacity, and which
was necessary to enable him to act in that capacity." That
the evidence of Dr. Sweetman, which was admitted under
the objection and exception of the plaintiff, was plainly within
the inhibition of section 834, is not and cannot be success-
fully denied. But the defendant insists, as the courts below
have held, that the provisions of section 836 of the Code per-
mitted the decedent to waive that privilege, and that it was
expressly waived in the application signed by him. There is
no claim of any other waiver. Section 836, as it stood anterior
to 1891, provided : "The last three sections apply to every
examination of a person as a witness, unless the provisions
thereof are expressly waived by the person confessing, the
patient or the client." If, at the time this application was
made, and when the case was tried, this section had not been
amended, there would be no doubt as to the sufficiency and
effect of this waiver. (*Foley* v. *Royal Arcanum*, 151 N. Y.
196.)

But, in 1891, section 836 was amended to read as follows :
" The last three sections apply to any examination of a person
as a witness unless the provisions thereof are expressly waived
upon the trial or examination by the person confessing, the
patient or the client. But a physician or surgeon may upon
a trial or examination disclose any information as to the men-
tal or physical condition of a patient who is deceased, which he
acquired in attending such patient professionally, except con-
fidential communications and such facts as would tend to dis-
grace the memory of the patient, when the provisions of sec-
tion eight hundred and thirty-four have been expressly waived
on such trial or examination by the personal representatives of
the deceased patient, or if the validity of the last will and tes-
tament of such deceased patient is in question, by the executor
or executors named in said will." It is obvious that the amend-
ment of section 836 has very essentially changed its effect and
operation as applicable to the question under consideration.
While under that section, before its amendment, the provisions

relating to a waiver were general, and the only requirement was that it should be an express waiver without regard to time or place, still that was changed by the amendment of 1891. While this section was further amended in 1893, yet that amendment in no way affects the question before us, and it is not referred to in detail, as a consideration of its added provisions would lead to confusion rather than clearness in stating and deciding the only question involved. The statute as it now stands, in positive and express terms, requires the waiver to be made upon or at the time of the trial or examination. Under the statute as amended, no one except the personal representatives of the deceased patient can waive the provisions of section 834, and it can be waived by them only upon the trial or examination where the evidence is offered or received. The apparent purpose of that amendment was to protect parties, their representatives and successors from waivers which should be inadvertently or improperly obtained previously to the trial of an action or examination of the witness. That in many cases injustice had resulted from such waivers having been previously obtained by a species of fraud or duress, was doubtless the reason which induced the legislature to adopt this amendment, requiring the waiver to be made in the presence and under the supervision of the court before which the trial or examination was had. Whatever the purpose may have been, the plain effect of this statute was to limit as to the time and place when and where such waiver should be made to be effective in exempting the testimony of such a witness from the inhibition of section 834. The waiver relied upon by the defendant was made in 1893, while the statute, as amended, was in full force and effect. Hence, it is obvious that the waiver in the application was insufficient under the statute as it then stood to justify the admission of the evidence of Dr. Sweetman, and the court erred in overruling the plaintiff's objections and admitting that proof. These rulings were clearly erroneous and constituted substantial errors for which the judgment herein must be reversed.

Several other interesting questions were discussed upon the

argument and in the briefs of counsel, but as the judgment must be reversed for the. reasons already stated, we regard it as unnecessary to consider them, as they may be avoided upon a retrial of the case.

The judgment and order should be reversed and a new trial granted, with costs to abide the event.

PARKER, Ch. J., GRAY, BARTLETT, VANN, CULLEN and WERNER, JJ., concur.

Judgment and order reversed, etc.