(71 App. Div. 28.)

### SCHER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.    April 11, 1902.)

1. PRIVILEGED COMMUNICATION—WAIVER.

Statement of plaintiff to physician, who treated him after an accident, as to physical trouble he had years before, being privileged, admission of it over objection, notwithstanding plaintiff had been treated by such physician for such trouble some years before, and the physician had written an article as to such trouble, which was published in a magazine, is error; Code Civ. Proc. § 836, requiring the waiver of privilege to be on or at the time of the trial.

2. ADMISSION OF EVIDENCE—PREJUDICIAL ERROR.

There being a sharp conflict in the evidence as to how the accident occurred, erroneous admission of statement by plaintiff as to his condition before the accident is prejudicial, as affecting his credibility.

Patterson, J., dissenting.

Appeal from trial term, New York county.

Action by Israel Scher against the Metropolitan Street Railway Company.    From judgment on verdict for defendant, plaintiff appeals.    Reversed.

The defendant called Dr. Freudenthal, who testified that he observed the plaintiff's condition in a professional capacity, that he saw him only in a professional way, that the plaintiff came to the witness for treatment, and that the witness prescribed medicine for him.    It also appears from the testimony that the doctor had photographed the plaintiff, because of the peculiar nature of the disease from which he suffered, some years before the accident, and subsequently he published an article concerning him in some medical journal, and that the witness exhibited the plaintiff about four or five times publicly to members of the witness' profession.    It was after this testimony was produced and proved that the following question was asked by defendant's counsel: "Now, then, prior to the preparation of the article published by you in the Medical Journal of February 1, 1896, did this plaintiff tell you that 17 years previously he had severe pains in the legs, lasting day and night, and forcing him to stay abed for fully seven years?"    To this objection was taken, upon the ground that the matter was privileged and the information was obtained by the physician in a professional capacity while in attendance upon the plaintiff. · The court overruled the objection, upon the ground that, the nature of the plaintiff's disease having been made public by the consent of the plaintiff, the privilege was waived.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Moses Feltenstein, for appellant.

Theodore H. Lord, for respondent.

O'BRIEN, J.    We think, under the authorities, that the communications made by the plaintiff to the physician were privileged, and there had been no waiver, even if the publication of the article and the public exhibitions were, as testified by the physician, though denied by the plaintiff, with the latter's full consent.    On this subject it was said in the case of Holden v. Insurance Co., 165 N. Y. 17, 58 N. E. 772:

"The statute [sections 834 and 836 of the Code of Civil Procedure], as it now stands, in positive and express terms requires the waiver to be made upon or at the time of the trial or examination. * * * The apparent purpose was to protect parties, their representatives and successors, from waivers which should be inadvertently or improperly obtained previous to the

trial of an action or the examination of the witness. That in many cases injustice had resulted from such waivers * * * was doubtless the reason which induced the legislature to adopt this amendment, requiring the waiver to be made in the presence and under the supervision of the court before which the trial or examination was had."

There being no waiver "upon the trial or examination," as provided by section 836 of the Code, but, on the contrary, an objection made to the physician's violating the privilege, the ruling admitting the testimony was clearly erroneous.

It is claimed, however, that such ruling was harmless, because the jury found that the defendant was not responsible for the injuries, and, as there was no liability of the defendant, the introduction of the evidence relating to the extent of the injuries could, at most, affect only the credibility of the plaintiff. This, it seems to us, is begging the whole question, as there was a sharp conflict as to the manner in which the accident occurred. It is not, therefore, a strained inference to conclude that the testimony of the plaintiff had a material bearing upon the burden which he had to sustain, of showing the defendant's liability for his injuries; and it is evident that the direct refutation by his physician of what he had stated concerning his physical condition before the accident would tend to discredit his whole case. If upon the extent of his injuries it was shown that he had testified falsely, which was the tendency of the erroneous evidence admitted, then the jury would have the right, as it would have been the duty of the judge, if requested, to charge, if they believed that the plaintiff's evidence was willfully and knowingly false on one important particular of his case, and they were at liberty, to disregard his entire evidence. It seems to us, therefore, that, upon the question of the defendant's liability, the extent to which the jury would credit the plaintiff's testimony was most material; and, his credibility having been assailed and affected by improper and erroneous evidence, the error committed cannot be regarded as harmless.

We think, therefore, that the judgment appealed from is wrong, and should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and LAUGHLIN, J., concur.

PATTERSON, J. (dissenting). Judgment for the defendant was entered in this action upon a general verdict of a jury in its favor. The plaintiff's appeal from that judgment is brought up on what may be called a "bill of exceptions," presenting but a single question, which relates to the competency of testimony of a physician as to statements made by the plaintiff to him concerning a subject in no way connected with the issues in the case, except, perhaps, as to the question of damages. The action was brought to recover damages for personal injuries claimed to have been sustained by the plaintiff through the negligence of the defendant's servants in managing or operating a street railway car. The record before us gives no information as to the alleged accident in which the plaintiff suffered injury, how it occurred, what the fault or negligence ascribed to the defendant's servants may have been, nor anything upon the

subject of contributory negligence. The verdict of the jury being a general one, either or both of the issues of negligence of the defendant and the want of contributory negligence of the plaintiff must have been found in the defendant's favor. It appears in the record before us that the plaintiff had testified that, some 17 years before the accident occurred, he had suffered from serious illness in Germany for a period of about 7 years, during the greater part of which time he had been in a hospital, and confined to his bed. The defendant called as a witness a physician connected with a hospital in the city of New York to which the plaintiff resorted for treatment after the alleged accident referred to in the complaint. That physician was permitted to testify that he treated the plaintiff, who was suffering from a very rare disease, of so interesting a character that the plaintiff was exhibited before a society of physicians at a public meeting, and an account of the plaintiff's peculiar disease was published by the witness in the New York Medical Journal; and he swore that the account was published with the plaintiff's knowledge and approval. In the course of his examination this witness was asked the following question:

"Q. Now, then, prior to the preparation of the article published by you in the Medical Journal of February 1, 1896, did this plaintiff tell you that 17 years previously he had suffered pains in the legs, lasting day and night, which forced him to stay in bed for 7 years?"

That was objected to on the ground that it was privileged. The objection was overruled. This question was in no way related to the subject-matter of the action, so far as the issues upon which the question of the liability of the defendant depended. Assuming that all communications made by the plaintiff to this physician were privileged, and he was improperly allowed to give this testimony, it still remains that it has been found by the jury that the defendant is not responsible for any injuries sustained by the plaintiff in this action, and we are concluded by that finding. If there is no liability of the defendant, the question sought to be raised on this record is a moot one. It is said that the testimony affected the credibility of the plaintiff, but that is pure assumption, for what the plaintiff testified to with respect to the main issues does not appear. On the finding of the jury, there was no negligence of the defendant's servants, and therefore there could have been no recovery.

The judgment appealed from should be affirmed, with costs.