HENRIETTA MEYER, Respondent, *v.* THE SUPREME LODGE, KNIGHTS
OF PYTHIAS, Appellant.

*Physician — his testimony as to a decedent who neither employed him nor desired his
services, is incompetent — what " tends to disgrace the memory of the patient" —
waiver of the statutory provision.*

Sections 834 and 836 of the Code of Civil Procedure, forbidding a physician " to
disclose any information which he acquired in attending a patient in a profes-
sional capacity and which was necessary to enable him to act in that capacity,"
apply to cases where physicians attend, in a professional capacity, a patient
who does not employ them or desire their services.

Declarations by a patient to his attending physicians that he had attempted to
commit suicide "tend to disgrace the memory of the patient" within the
meaning of section 836 of the Code of Civil Procedure.

A clause in the application for a policy of life insurance, by which the insured
waives the provisions of sections 834 and 836 of the Code of Civil Procedure,
is ineffective.

APPEAL by the defendant, The Supreme Lodge, Knights of Pythias,
from a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of Queens on the
28th day of October, 1902, upon the verdict of a jury rendered by
direction of the court, and also from an order entered in said clerk's
office on the 23d day of October, 1902, denying the defendant's
motion for a new trial made upon the minutes.

*Laurence G. Goodhart,* for the appellant.

*Otto H. Droege* [*J. Lawrence Friedmann* with him on the brief],
for the respondent.

GOODRICH, P. J.:

The plaintiff, being the beneficiary named in a membership cer-
tificate issued upon the application of her husband, Emanuel Meyer,
by the defendant, a fraternal mutual benefit corporation, sues for the
amount of insurance on the life of her husband specified in the cer-
tificate. The defense was that Meyer had committed suicide, which
by the terms of the certificate renders it null and void.

When the case came on for trial before Mr. Justice GAYNOR and
a jury, the defendant claimed and obtained the affirmative of the

issue and introduced its evidence, and the plaintiff introduced evidence in rebuttal. At the close of the whole evidence, the defendant moved for a dismissal of the complaint, "upon the ground that the plaintiff had not shown compliance with the terms of the contract, by showing she had put in proper and complete proofs of death, as provided by the by-laws and the contract." The court properly denied the motion on the ground that the defendant, at the opening of the case, had "claimed the affirmative and admitted that all the conditions precedent had been complied with, therefore, the plaintiff did not need to put in any such proof." The court submitted to the jury for special verdict the question: Did Emanuel Meyer, the husband of the plaintiff, commit suicide? And the jury having answered the question no, the court directed judgment for the amount of the policy, and the jury found a verdict accordingly. The defendant moved to set aside the verdict; the motion was denied and the defendant excepted and appeals.

The only question which we are required to consider is the exception to a refusal to admit the testimony of three physicians who attended Meyer, as to declarations concerning the cause of his death made by him in their presence. Plaintiff's counsel objected to their admission on the ground that such testimony was incompetent and improper and also privileged; that any knowledge obtained by the witnesses was obtained by them while they were acting as physicians for the deceased and was not admissible unless expressly waived at the trial. Plaintiff's counsel stated that the plaintiff did not waive any of the privileges given by sections 834 and 836 of the Code of Civil Procedure. The court excluded the testimony and the defendant excepted. It also excepted to so much of the charge as stated that the physicians' testimony is excluded on the ground that they attended the deceased professionally.

Dr. Bruso, one of these physicians, was summoned to the Iroquois Hotel, Buffalo, about seven o'clock in the morning to attend Meyer, who was lying in bed in one of the rooms of the hotel. When the defendant's counsel offered to read certain portions of the deposition of Dr. Bruso, taken *de bene*, which disclosed information as to the condition of the patient, plaintiff's counsel objected and the court asked: "Did this doctor treat him?" to which defendant's counsel answered: "He inserted something hypodermi-

# MEYER v. SUPREME LODGE.    361

cally into the man against his wish, which did not help him, I presume." Thereupon the court excluded the evidence and also the other parts of the deposition, and defendant's counsel excepted. The excluded part of the deposition would have tended to show that Meyer had voluntarily taken a corrosive poison known as "Rough on Rats," with suicidal intent. Meyer was afterward taken from the hotel to the Buffalo General Hospital, where he died. Upon arrival at the hospital he was, by order of Dr. McCarthy, house physician of the hospital, put into a private room where the doctor examined and treated him. Dr. McCarthy, who was examined on deposition *de bene*, was asked to state his diagnosis of the case and the details of Meyer's condition, and, objection being made, the testimony was excluded and the defendant excepted.

Dr. Thornton, junior surgeon of the hospital, assisted Dr. McCarthy in the examination and treatment of Meyer. He also was examined on deposition as to his examination of Meyer and the condition in which they found him. The entire deposition was excluded and the defendant excepted.

These several exceptions distinctly raise the question whether sections 834 and 836 relate to cases where physicians professionally attend a patient who does not voluntarily require their services. There is no evidence that Meyer employed any one of these physicians, but it is none the less true that they attended him in no other than a professional capacity. Section 834 forbids any physician "to disclose any information which he acquired in attending a patient, in a professional capacity, and which was necessary to enable him to act in that capacity." The language is broad enough to cover cases of medical attendance, whether such attendance results from the voluntary call of the patient upon a physician or from the exigencies of the patient's situation. If the relation is that of a physician attending a patient in a professional capacity, no matter how the relation was brought about, the sections apply.

Section 836 provides that section 834 applies to any examination of the physician as a witness "unless the provisions thereof are expressly waived upon the trial or examination by * * * the patient * * *. But a physician * * * may upon a trial or examination disclose any information as to the mental or physical condition of a patient who is deceased, which he acquired in attend-

ing such patients * professionally, except confidential communications and such facts as would tend to disgrace the memory of the patient, when the provisions of section eight hundred and thirty-four have been expressly waived on such trial or examination by the personal representatives of the deceased patient." The record shows that the plaintiff did not waive the privilege either on the trial or examination of any of the physicians, and even where the personal representatives waive the privilege the physician is forbidden to disclose any fact which would tend to disgrace the memory of the patient. It can hardly be said that a declaration of Meyer that he had attempted suicide would not tend to disgrace his memory.

The defendant contends that the plaintiff at the trial waived the physicians' privilege by offering in evidence Meyer's application for insurance, which contained a waiver of the provisions of sections 834 and 836, but the Court of Appeals has held the contrary in *Holden* v. *Metropolitan Life Ins. Co.* (165 N. Y. 13) and thus set at rest a question which has been much litigated.

There was no error in the exclusion of the testimony in question and the judgment and order should be affirmed.

BARTLETT, WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

Judgment and order affirmed, with costs.