*Arnold Green*, for plaintiff.

*C. M. White, C. A. Neff, Squire, Sanders & Dempsey*, for defendants.

---

### FRATERNAL ORDERS AND THE ROYAL ARCANUM.

[Circuit Court of Hamilton County.]

MARY C. GILLIGAN V. SUPREME COUNCIL OF ROYAL ARCANUM.

Decided, January Term, 1904.

*Trial—Motions by Both Parties to Direct Verdict—Fraternal Orders—Royal Arcanum—Exempt from Insurance Laws of the State—Medical Attendance—Section* 3631-11.

1. Where both parties to a suit move the court for arrest of the cause from the jury and a directed verdict, and the party whose motion is overruled merely excepts thereto, the case is brought within the rule that the verdict should not be set aside unless clearly against the weight of the evidence.
2. The Supreme Council of the Royal Arcanum is a fraternal order within the meaning and provisions of Section 3631-11, Revised Statutes, exempting such associations from the insurance laws of the state.
3. Attendance upon a patient at the office of the physician is sufficient to constitute medical attendance.

GIFFEN, J.; JELKE, J., and SWING, J., concur.

*Per Curiam.*

Plaintiff in error complains that certain issues should have been submitted to the jury.

The bill of exceptions shows the following:

"And thereupon counsel for defendant moved the court to arrest this cause from the jury and to direct the jury to return a verdict in favor of the defendant; and counsel for plaintiff also moved the court to arrest the cause from the jury and to direct the jury to return a verdict for the plaintiff for the full amount named in the petition. After argument by counsel

upon both sides, the court granted the motion of the defendant and overruled the motion of the plaintiff; to which the plaintiff, by her counsel, then and there excepted.''

This brings this case clearly within the rule laid down in *Bank* v. *Hayes & Sons,* 64 O. S., 100—

"Where, at the conclusion of the evidence in a case, each party requests the court to instruct the jury to render a verdict in his favor, the parties thereby clothe the court with the functions of a jury, and where the party whose request is denied, does not thereupon request to go to the jury upon the facts, the verdict so rendered should not be set aside by a reviewing court, unless clearly against the weight of the evidence.''

We abide by our holding of March 14, 1902—

"We are of opinion that the Supreme Council of the Royal Arcanum is a fraternal order within the definition and provisions of Revised Statutes, 3631-11 (see Certificate of Incorporation, page 116 of Exhibit 'A,' Chapter II, pages 1 and 2 same). This being so, we find that part of Revised Statutes 3631-11 provides as follows: 'Such associations shall be governed by this act, and shall be exempt from the insurance laws of this state.' Hence Revised Statutes 3621-22-23-24 and 25 would not apply to a certificate of membership in this order.''

Also see *Williams* v. *Donough,* 65 O. S., 502; *Ben Legion* v. *McGinnis,* 59 O. S., 531; *Grand Lodge* v. *Bunkers,* 23 C. C., 487; *Association* v. *Martin,* 183 Ind., 376.

We follow the case of *Cushman, Adm'r,* v. *U. S. Life Insurance Company,* 70 N. Y. (Appeals), 72:

"To constitute a medical attendance it is not necessary that a physician should attend a patient at his home; attendance at the office of the physician is sufficient.''

The testimony of Dr. Hoppe was properly admitted under the policy. *Foley* v. *Royal Arcanum,* 151 N. Y., 196.

Judgment affirmed.

*Howard Douglass* and *George W. Harding,* for plaintiff in error.

*Cobb, Howard & Bailey* and *Robert C. Pugh,* for defendant in error.