## ERROR — COURTS — BENEFICIARY ASSOCIATIONS — INSURANCE.

[Hamilton (1st) Circuit Court, 1904.]

Giffen, Jelke and Swing, JJ.

### Mary C. Gilligan v. Supreme Council of Royal Arcanum.

1. Judgment, of Court Upon Requests for Verdicts Must be Clearly Against Weight of Evidence to Reverse.

> The court is clothed with the functions of a jury where each party, at the close of the evidence, requests the court to instruct the jury to return a verdict in his favor, and unless the party whose request is denied thereupon requests that the case go to the jury, the verdict so rendered will not be set aside by a reviewing court unless clearly against the weight of the evidence.

2. Royal Arcanum not Governed by Insurance Laws—Is a Fraternal Order.

> The Supreme Council of the Royal Arcanum, being a "fraternal order" within the meaning of Sec. 3631-11 Rev. Stat., is exempt from the provisions of the insurance laws of Ohio. Such orders, with reference to certificates of membership, are governed by the provisions of Secs. 3631-11 to 3631-23 Rev. Stat., and not by Secs. 3621 to 3625 Rev. Stat., which govern insurance companies.

3. Attendance of Patient at Physician's Office a "Medical Attendance."

> An attendance by a physician of a patient at the former's office is sufficient to constitute "medical attendance;" attendance at the patient's home is not required.

Error to the court of common pleas of Hamilton county.

JELKE, J.

Plaintiff in error complains that certain issues should have been submitted to the jury.

The bill of exceptions shows the following:

"And thereupon counsel for defendant moved the court to arrest this cause from the jury and to direct the jury to return a verdict in favor of the defendant; and counsel for plaintiff also moved the court to arrest

the cause from the jury and to direct the jury to return a verdict for the plaintiff for the full amount named in the petition. After argument by counsel upon both sides, the court granted the motion of the defendant and overruled the motion of the plaintiff; to which the plaintiff, by her counsel, then and there excepted."

This brings this case clearly within the rule laid down in First Nat. Bank v. Hayes, 64 Ohio St. 100 [59 N. E. Rep. 893]:

"Where, at the conclusion of the evidence in a case, each party requests the court to instruct the jury to render a verdict in his favor, the parties thereby clothe the court with the functions of a jury, and where the party whose request is denied, does not thereupon request to go to the jury upon the facts, the verdict so rendered should not be set aside by a reviewing court, unless clearly against the weight of the evidence."

We abide by our holding of March 14, 1902:

"We are of opinion that the Supreme Council of the Royal Arcanum is a fraternal order within the definition and provisions of Sec. 3631-11 Rev. Stat. (See certificate of incorporation, page 116 of exhibit "A;" Chap. 2, pages 1 and 2 same.) This being so, we find that part of Sec. 3631-11 Rev. Stat. provides as follows: 'Such associations shall be governed by this act, and shall be exempt from the provisions of the insurance laws of this state.'

"Hence Secs. 3621, 3622, 3623, 3624 and 3625 Rev. Stat. would not apply to a certificate of membership in this order."

Also, see Williams v. Donough, 65 Ohio St. 499, 502 [63 N. E. Rep. 84]; Catholic Benev. Legion v. McGinness, 59 Ohio St. 531 [53 N. E. Rep. 54]; Grand Lodge of A. O. U. W. v. Bunkers, 13-23 O. C. C. 487; Standard Life & Acc. Ins. Co. v. Martin, 133 Ind. 376 [33 N. E. Rep. 105].

We follow the case of Cushman v. Insurance Co. 70 N. Y. 72:

"To constitute a medical attendance, it is not requisite that a physician should attend the patient at his home; an attendance at his own office is sufficient."

The testimony of Dr. Hoppe was properly admitted under the policy. Foley v. Royal Arcanum, 151 N. Y. 196 [45 N. E. Rep. 456; 56 Am. St. Rep. 621].

Judgment affirmed.

**Giffen** and **Swing, JJ.,** concur.