MOSES ACEE, as Administrator, etc., of HULDAY ABRAHAM, Deceased, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

Fourth Department, January 5, 1927.

Insurance — life insurance — action on policy — evidence — testimony by physician was improperly received under Civil Practice Act, § 352 — proof of death filled out by attending physician on form furnished by insured did not constitute waiver of privilege under Civil Practice Act, § 354 — policy is not void on ground that insured made false representations in application, since application was not attached to policy or indorsed thereon as required by Insurance Law, § 58 — counterclaim on same ground is not good.

In an action on a life insurance policy, it was error to admit testimony by physicians who had attended the insured that she suffered from heart and kidney disease long before the policy was issued, for the admission of that testimony violates section 352 of the Civil Practice Act.

The privilege contained in section 352 of the Civil Practice Act was not waived by the plaintiff by introducing in evidence proof of death filled out by the attending physician on a form furnished by the insurer, for the execution of the proof of death was not a voluntary act.

A provision in the policy that "proofs of death shall be evidence of the facts therein stated in behalf of, but not against the company" does not constitute a waiver, for there is nothing in that provision indicating an intention to waive the privilege, and furthermore, the privilege cannot be waived under section 354 of the Civil Practice Act, except at the trial when the evidence is offered.

A defense that the policy was void on the ground of fraudulent representations made in the application to the effect that the insured had not been under the care of any physician within three years is not available, since it appears that the application was not attached to or indorsed upon the policy as provided by section 58 of the Insurance Law. The defense of breach of warranty was, therefore, not available to the defendant.

For the same reason a counterclaim interposed by the defendant on the same ground cannot be sustained.

APPEAL by the plaintiff, Moses Acee, as administrator, etc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oneida on the 11th day of April, 1925, upon the verdict of a jury rendered by direction of the court after the jury had made special findings of fact.

*Frederic C. Barns* [*W. R. Pratt* of counsel], for the appellant.

*Lee, Dowling & Brennan* [*William F. Dowling* of counsel], for the respondent.

HUBBS, P. J. At the trial of this action to recover upon a life insurance policy the defendant was permitted to introduce the testimony of physicians who had attended the insured. They testified that she was suffering from heart and kidney disease

long before and at the time the policy in question was issued. The testimony was received over the objection of the plaintiff that it was incompetent and that the witnesses were incompetent under section 352 of the Civil Practice Act, formerly section 834 of the Code of Civil Procedure, which provides that a physican " shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity."

That the testimony was improperly received, unless the statutory provision was waived, is established beyond question. (*Denaro* v. *Prudential Insurance Company of America*, 154 App. Div. 840; *Holden* v. *Metropolitan Life Insurance Co.*, 165 N. Y. 13.)

It is urged by the learned counsel for the defendant that the plaintiff waived the provisions of section 352 of the Civil Practice Act and made the testimony competent by introducing in evidence the proofs of death which were served on the defendant, particularly in view of the fact that the policy in question contained a provision that " proofs of death shall be evidence of the facts therein stated in behalf of, but not against the company." The policy also provided that " Proofs of death * * * shall be made upon blanks to be furnished by the company and shall contain answers to each question propounded to the claimant, physicians and other persons." The defendant furnished a blank form upon which to make out the proofs of death, as required by the policy. The 6th paragraph on such blank, after being filled out, read as follows: " 6. Cause of Death?  Bright's Disease of Kidneys.  Duration from personal knowledge . . . . . . . . . . . Yrs. 4 Mos . . . . . . . . . . . Days.  Contributory or Secondary: Dilatation of Heart Valvular.  Disease (Duration) . . . . . . . . . . . Yrs . . . . . . . . . . . 2 Mos . . . . . . . . . . . . Days."

The statement was duly executed by the attending physician. It was required by the terms of the policy.  The form was prepared by the defendant, and furnished to the claimant.  The attending physician, under the terms of the policy, was required to answer the questions on the form as printed.  He did answer those questions.  The plaintiff, in establishing his case, introduced the proofs of death in evidence.  The defendant now insists that the introduction of the proofs of death in evidence opened the door for it to call other physicians to testify to what they discovered while treating the insured in a professional capacity.  Reliance is placed upon the case of *Hethier* v. *Johns* (233 N. Y. 370).  In that case it was decided that where the plaintiff voluntarily disclosed her physical condition she waived the privilege, and the defendant was entitled to offer testimony of physicians who had attended her.

Prior to 1891 the provisions of section 836 of the Code of Civil

Procedure could be waived before trial. Evils had grown up which induced the Legislature in that year to amend the section by providing that a waiver to be effective must be made on the trial by the personal representative of the deceased. The same provision is contained in section 354 of the Civil Practice Act. Under section 836 of the Code of Civil Procedure, as amended by chapter 381 of the Laws of 1891, and section 354 of the Civil Practice Act, the only one who can waive the privilege is the personal representative and it can only be waived upon the trial when the evidence is offered. (*Holden* v. *Metropolitan Life Insurance Co., supra.*)

The introduction of the proofs of death did not have the effect of waiving the privilege. The act was not voluntary, as in the case of *Hethier* v. *Johns* (*supra*) and other like cases relied upon by the defendant. The plaintiff, by the terms of the contract of insurance, was required to furnish the proofs of death as a condition precedent to a recovery on the policy. (*Redmond* v. *Industrial Benefit Association,* 150 N. Y. 167; *Holden* v. *Metropolitan Life Insurance Co., supra; Denaro* v. *Prudential Insurance Company of America, supra; Meyer* v. *Knights of Pythias,* 178 N. Y. 63.)

The provision of the policy to the effect that " proofs of death shall be evidence of the facts therein stated in behalf of, but not against the company," does not change the rule. There is nothing in that provision indicating an intention to waive the provisions of the statute, and if there were it would not have that effect, as a contract to waive does not, since the amendment in 1891, have that effect.

It is urged by respondent that the judgment should be affirmed even though the evidence of the physicians called by the defendant was improperly received. It is stated that it appears from the evidence that the insured fraudulently stated in the application for the policy that she had not " been under the care of any physician within three years " except on one occasion referred to. The application was not attached to or indorsed upon the policy, as provided by section 58 of the Insurance Law. The defense of breach of warranty is not, therefore, available to the defendant. (*Archer* v. *Equitable Life Assurance Society,* 169 App. Div. 43; affd., 218 N. Y. 18.) The defendant plead both as a defense and as a counterclaim that the insured fraudulently stated in the application that she had not been under the care of a physician within three years, except on one occasion noted in the application.

In *Metropolitan Life Insurance Company* v. *Trilling* (194 App. Div.. 178) it was decided that the plaintiff insurance company could maintain an action to reform a policy so that it should state the true age of the insured, although the application was not attached

to or indorsed upon the policy.    In that case the age of the insured was stated in the policy.    The policy in question does not provide that it will be void if the insured had been under the care of a physician within three years.    The application not having been attached to the policy or indorsed thereon, neither the defense nor the counterclaim was available to the defendant.    (*Archer* v. *Equitable Life Assurance Society, supra.*)

The judgment should be reversed on the law and a·new trial granted, with costs to the appellant to abide the event.

All concur.    Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment reversed on the law and new trial granted, with costs to appellant to abide the event.