CELIA LANDE, Respondent, v. THE TRAVELERS INSURANCE COM-PANY, Appellant.

First Department, May 4, 1934.

*William J. Moran* of counsel [*William B. Crowell* and *B. J. McGlinn* with him on the brief; *William J. Moran*, attorney], for the appellant.

*I. Gainsburg* of counsel [*Reginald F. Isaacs* with him on the brief; *Reginald F. Isaacs*, attorney], for the respondent.

PER CURIAM. Under the peculiar circumstances of this case, we think the objection to the defendant's question to Dr. Brooks, " Was Mr. Lande sick or well at the time that he consulted you in 1930," was properly sustained. If it was intended thereby to establish that after consultation and examination Dr. Brooks determined that the deceased was " sick " of heart disease, then the information was privileged and inadmissible. (*Holden* v. *Metropolitan Life Ins. Co.,* 165 N. Y. 13; *Acee* v. *Metropolitan Life Ins. Co.,* 219 App. Div. 246; *Denaro* v. *Prudential Ins. Co.,* 154 id. 840.) If, on the contrary, it was intended to prove that on this occasion the deceased was in a condition of sickness which would have been " plain to the observation of anyone without expert or professional knowledge," then the information was not privileged. (*Klein* v. *Prudential Ins. Co.,* 221 N. Y. 449; *Travelers Ins. Co.* v. *Pomerantz,* 246 id. 63.)

It seems evident to us that the evidence attempted to be introduced was privileged. Dr. Brooks had testified that he practiced as a diagnostician; that he had no independent recollection of the deceased; that the examination occurred at his office, and that presumably for that purpose the deceased removed his clothes. He testified further that he made a general physical examination, of which a written report was subsequently made, but that he did not prescribe for the deceased. There was no suggestion in the evidence nor did the defendant offer to prove that on this occasion the deceased was " sick," in the sense that his condition would have been so described by a person without expert knowledge. Under these circumstances it is entirely clear that the question whether the deceased was " sick or well " at the time he " consulted " Dr. Brooks in 1930 was intended to elicit his professional opinion of the condition of the deceased, arrived at after consultation and examination.

The other questions urged by the appellant require, we think, no discussion.

The judgment should be affirmed, with costs.

Present — FINCH, P. J., MERRELL, TOWNLEY, GLENNON and UNTERMYER, JJ.; MERRELL, J., dissents and votes to reverse and grant a new trial.

Judgment affirmed, with costs.