Charles M. Hughes, J.
The above-entitled action was tried before this court with a jury. The action is based upon a policy of life insurance on the life of Helen Gr. Bean, wherein the plaintiff, Clarence L. Bean, was named the beneficiary.
The assured executed an application for a so-called non-medical policy on May 9, 1955 and the contract of insurance was issued by the defendant company on June 1, 1955. The premiums were paid and the policy was in good standing upon the death of the insured which occurred October 6, 1955. The defendant declined payment on the policy and the premiums already paid were tendered to the plaintiff. The plaintiff refused to accept them and this action was commenced.
The defendant company refused payment of the death claim and defended the action to enforce such payment upon the ground that false answers were given by the insured in her application for insurance; that such false answers constituted misrepresentations which were material and that had the applicant fully reported her physical condition and post medical history in such application, the policy would not have been issued.
After the trial of the action, the jury returned a verdict in favor of the plaintiff and the defendant now moyes to set aside the verdict as contrary to the weight of evidence and for a directed verdict for judgment in favor of the defendant.
The application of Helen G. Bean was attached to the original policy as required by law (See Insurance Law, § 142, subd. *1046 1), and the same was offered and received in evidence. In that application, question 17 reads: “17. (a) When did you last consult a doctor? Answer: July 1953 Dr. Parker, (b) For what reason? Answer: Gallbladder operation recovered 2 weeks.”
Question 18 of the application reads: “18. Have you, during the past five years had any other disease, ailment or injury which required treatment examination or advice by a doctor or at a clinic, hospital, dispensary or sanatorium. Answer: Yes.”
The application then provided the requirement for the following information: 11 Query: If question 18, 19 or 20 is. answered ‘ yes ’ give full details, including dates, ailment or treatment duration, name of doctor or institution, etc. Answer: July 1953 Gallbladder operation recovered 2 weeks Glens Falls Hospital.”
The evidence submitted upon the trial has established that the questions were not wholly and entirely answered. It appears by uncontradicted proof that the assured’s family physician, Dr. E. Yale Clarke, referred the assured in November, 1952 to Dr. Raymond L. Rhodes, a surgeon and gynecologist. Dr. Rhodes testified that Mrs. Bean complained of profuse vaginal bleeding and upon his recommendation, she was placed in the Glens Falls Hospital for examination and testing; that a biopsy was performed which disclosed the existence of a malignant cancer of the cervix; that she received radium treatment and x-ray therapy; that she was discharged from the hospital for a short period, which was followed by hospitalization again in December for further similar treatments. Dr. Rhodes’ testimony disclosed that during these periods of hospitalization for treatment of the malignant cancer of the cervix, Mrs. Bean had a total of approximately 96 hours of radium treatment and that from the time of the last hospitalization in December, 1952 until the date of the application for the insurance policy, May 9, 1955, she had to come to his office on seven separate occasions at regular intervals for further examinations and checking. The testimony of Dr. Clarke, the family physician of Mrs. Bean, supported the testimony of Dr. Rhodes. The records of the Glens Falls Hospital further substantiated the testimony of the doctors.
The defendant insurer has shown by uncontroverted proof that it was its practice in approving nonmedical applications to rely on the information furnished by the answers to the pertinent questions; that if the application submitted by Helen G. Bean for the policy in question had disclosed a cancerous *1047 condition, the policy would not have been issued; that if the applicant had reported the hospitalization in November, 1952, the policy would not have been issued; that had the applicant truthfully reported the periodic examinations by Dr. Rhodes between December, 1952 and May, 1955 without any further information, the application would have been denied; and that in any event, if the answers had been given, at least an inquiry would have been made to determine insurability. The procedure of the company in issuing a policy of this nature required close scrutiny; that is, if answers given by the applicant and recorded upon the applications are not significant of any material defect in the health of the applicant, that such applications are approved; that if, however, the answers recorded on such application indicate material defects in the health of the applicant or any circumstances sufficient to put the company on notice about such a condition, then s.uch applications are deferred for further inquiry.
The defendant insurer contends that on this showing it is entitled to have the jury verdict set aside and a verdict directed for the insurer as a matter of law under subdivision 4 of section 149 of the Insurance Law. The pertinent language of that section reads: “ 4. A misrepresentation that an applicant for life * * * insurance has not had previous medical treatment * * * shall be deemed, for the purpose of determining its materiality, a misrepresentation that the applicant has not had the disease, ailment or other medical impairment for which such treatment or care was given or which was discovered by any licensed medical practitioner as a result of such consultation or observation.”
The uncontroverted proof that the answers given concealed the fact of prior medical consultation and hospitalization which revealed a cancer of the cervix and that the practice of the company was to reject nonmedical applications containing such information, it inevitably follows that the statutory definition of materiality is met and that no further proof is needed that the false answers constituted ‘ ‘ a misrepresentation that the applicant has not had the disease * * * which was discovered ”. See Tolar v. Metropolitan Life Ins. Co. (297 N. Y. 441, 447) where the court, in a similar case, held: “If an applicant misrepresents that he has not had ‘ previous medical treatment, consultation or observation ’, he is then deemed to have represented that he has not had the disease, ailment or other medical impairment for which such treatment or care was given or which was discovered by any licensed practitioner as a result of such consultation or observation.” (See, *1048 also, Cherkes v. Postal Life Ins. Co., 285 App. Div. 514, affd. 309 N. Y. 964; Minsker v. John Hancock Mut. Life Ins. Co., 254 N. Y. 333; Acee v. Metropolitan Life Ins. Co., 219 App. Div. 246; Stone v. Prudential Ins. Co., 268 N. Y. 91, and Murphy v. Colonial Life Ins. Co., 163 App. Div. 875.)
In Cherkes v. Postal Life Ins. Co. (supra), the Appellate Division (285 App. Div. 514, 516) in a similar case, directed the dismissal of the complaint in the following language: “Defendant’s negligence in not making further inquiry may be conceded, but that is not the equivalent of knowledge, nor does it cancel out or counteract the insured’s fraud. Knowledge that the insured was not a favorable risk did not cast the burden upon defendant of looking suspiciously and searchingly beyond the facts disclosed for undisclosed ailments (Zeldman v. Mutual Life Ins. Co., 269 App. Div. 53). The test is not one of what prudent inquiry would have revealed. The question is whether the information given, although partial, was sufficiently indicative of something more to be tantamount to notice of the unrevealed. We hold that it was not in this case. There was no indication whatever of the kidney condition or that further inquiry might reveal more than the application disclosed. Inquiry by defendant under the circumstances was optional. It was entitled to rely upon the insured’s representations. Plaintiff may not shift the burden of truthfulness which was upon the insured into a burden of distrust and additional inquiry on the part of defendant.”
In accordance with the foregoing opinion, the verdict of the jury is hereby set aside and a verdict is directed for the defendant.
A judgment may be entered accordingly.